UNITED STATES, Appellee

v

ALEX ZUBIATE AREVALO, Master Sergeant, U. S. Marine Corps, Appellant

11 USCMA 417, 29 CMR 233

No. 13,613

Decided April 22, 1960

*Fred W. Shields, Esquire,* and *Lieutenant Colonel Remmel H. Dudley,* USMC, were on the brief for Appellant, Accused.

*Commander Louis L. Milano,* USN, was on the brief for Appellee, United States.

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was convicted of four specifications alleging violations of the Uniform Code, and sentenced to a dishonorable discharge, total forfeitures, reduction to private, and confinement at hard labor for two years. On review, the convening authority affirmed, but a board of review set aside and dismissed one of the charges because of failure of proof, and modified the sentence by reducing the period of confinement to eighteen months. We granted review to consider the effect of the ad-

mission, over defense counsel's objection, of testimony by prosecution witnesses which purported to show other acts of misconduct by the accused.

Testifying in his own behalf, the accused was cross-examined by the prosecution about many of the other alleged incidents of misconduct. He specifically denied any criminality. The prosecution was bound by his denials. United States v Russell, 3 USCMA 696, 14 CMR 114. Moreover, a great deal of the prosecution's testimony merely creates suspicion that a wrongful act was committed; it does not establish the commission of an offense. United States v Kelley, 7 USCMA 584, 23 CMR 48. The challenged testimony is replete with impermissible innuendoes and insinuations. See United States v Long, 2 USCMA 60, 6 CMR 60. For example, one witness was permitted to testify that when stationed in Japan he met the accused and one day accompanied him "on liberty." Toward the end of the evening, the accused allegedly invited the witness to share a hotel room with him and "suggested . . . [they] go to bed." The witness "declined and said that . . . [he] had other plans for the evening." Considering the record as a whole, we are left with the conviction that the challenged testimony was inadmissible and prejudicial to the accused. United States v Warren, 6 USCMA 419, 20 CMR 135.

The decision of the board of review is reversed. The findings of guilty and the sentence are set aside. A rehearing may be ordered.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

I agree with my associates that the cross-examination and introduction of independent evidence went beyond the bounds of materiality, relevancy and competence and that a rehearing should be granted on the one specification. While the board of review concluded the introduction of the questioned evidence approached the improper, it found no prejudice. In doing so, it must have failed to consider that the accused was a witness in his own defense and categorically denied the commission of the sex offense. Obviously, testimony which would affect his credibility would prejudice him as the court-martial would be less inclined to give weight to his testimony.

My reasons for disagreeing with the Court are founded in the action which grants a rehearing on the other offenses. The accused did not testify on those crimes, and the compelling evidence of the Government stands unrebutted. I can see no fair risk that the accused could be prejudiced on those findings and, therefore, I would return the record to the board of review either to grant a rehearing on the one specification or reassess the appropriateness of sentence on the other offenses.