UNITED STATES, Appellee

v

PERLEY H. LaCOUNT, JR., Sergeant, U. S. Army, Appellant

13 USCMA 160, 32 CMR 160

No. 15,710

June 15, 1962

*First Lieutenant David M. Gill* argued the cause for Appellant, Accused. With him on the brief was *Captain Vernon C. Maulson.*

*First Lieutenant Harvey L. Zuckman* argued the cause for Appellee, United States. With him on the brief were *Major Francis M. Cooper* and *Captain Alvin B. Fox.*

## Opinion of the Court

FERGUSON, Judge:

An Army major allegedly observed the accused speeding on a state highway near Fort Bragg, North Carolina. Imbued with enthusiasm by his commanding general's recent lectures on traffic safety, the major sought to apprehend him by swerving his car toward accused's vehicle. As the major was dressed in civilian clothes and driving his personal automobile, the accused understandably refused to halt his car, in which his family was also riding. The major abandoned his efforts to enforce the speed limit and turned into a nearby "pizza parlor." Accused, incensed at the attempt to force him from the road, also stopped at the same establishment. What transpired thereafter led eventually to this appeal.

According to accused, he approached the officer demanding an explanation for his conduct. The major raised his arm as if to strike accused, and the latter, not realizing the status of his

160

"victim," promptly struck him. Another noncommissioned officer on the scene quickly separated them. According to the major, he identified himself to the accused as an officer by showing his identification card. He had no intention of striking the accused and did not attempt to do so.

Brought to trial before a general court-martial, accused was found not guilty of speeding, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934, but was convicted of assaulting an officer not in the execution of his office, in violation of the same Article. He was sentenced to bad-conduct discharge, forfeiture of $25.00 per month for one year, confinement at hard labor for one year, and reduction to the lowest enlisted grade. Intermediate appellate authorities have approved the sentence, but the convening authority ordered that portion which adjudges confinement suspended until completion of appellate review. We granted accused's petition for review on a number of assignments of error. We find it necessary, however, to discuss only two of his contentions.

During his cross-examination of the accused on the merits, the trial counsel improperly brought out many specific instances of prior misconduct not charged in the case. United States v Britt, 10 USCMA 557, 28 CMR 123; United States v Shepherd, 9 USCMA 90, 25 CMR 352; United States v Haimson, 9 USCMA 208, 17 CMR 208. Moreover, at the conclusion of his examination, trial counsel inquisitorially pointed out that he had not covered "all" of accused's alleged misdeeds, a fact which the latter conceded. Cf. United States v Shepherd, supra. In light of the balance in the proof before the court-martial, it cannot be doubted that the cross-examiner's error-ridden attempt to paint the accused in the blackest possible light was prejudicial to his substantial rights.

Moreover, despite the conflict in the evidence regarding whether accused struck his single blow in self-defense, the law officer failed to instruct the court members that this doctrine must be considered in connection with the charged offense of assault upon a commissioned officer in the execution of his office, in violation of Code, supra, Article 90, 10 USC § 890, or the found offense of assault upon such an officer not in the execution of his office. He gave such an instruction only with reference to the lesser included offense of assault and battery, in violation of Code, supra, Article 128, 10 USC § 928. His failure so to delineate accused's theory—well supported in the evidence—also requires reversal. United States v Black, 12 USCMA 571, 31 CMR 157; United States v Ginn, 1 USCMA 453, 4 CMR 45.

We have carefully examined the circumstances surrounding this case. Our scrutiny of the evidence, the errors committed and discussed above, and the contentions of the various parties convinces us that the accused should not be required to undergo the harassment of a rehearing because of the egregious errors of the United States. Cf. United States v Noriega, 7 USCMA 196, 21 CMR 322.

The decision of the board of review is reversed, and the record of trial is returned to the The Judge Advocate General of the Army. The charges are ordered dismissed.

Chief Judge QUINN and Judge KILDAY concur.