UNITED STATES, Appellee

v

RONALD E. KROKROSKIA, Airman First Class,
U. S. Air Force, Appellant

13 USCMA 371, 32 CMR 371

No. 16,097

December 7, 1962

*Lieutenant Colonel Wallace N. Clark* argued the cause for Appellant, Accused. With him on the brief was *Colonel Joseph E. Krysakowski.*

*Major James Taylor, Jr.,* argued the cause for Appellee, United States. With him on the brief were *Colonel Merlin W. Baker* and *Lieutenant Colonel Emanuel Lewis.*

## Opinion of the Court

FERGUSON, Judge:

Tried by general court-martial, the accused was found guilty of two specifications of graft, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934. He was sentenced to bad-conduct discharge, confinement at hard labor for six months, forfeiture of $50.00 per month for six months, and reduction to the grade of airman basic. The convening authority approved the adjudged punishment. Slightly reducing the amount of forfeitures involved, the board of review affirmed. We granted accused's petition for review upon several issues. As it serves to dispose of the case, we need, however,

**371**

to discuss only the trial counsel's objectionable cross-examination of the accused.

Accused was an instructor in an Air Force school at Amarillo Air Force Base, Texas. The basis for the charges against him rested upon the testimony of three airmen who alleged that he solicited each of them for a certain sum of money in order to "insure" that they passed their examinations and graduated. Each reported the accused's approach to their superiors and, pursuant to instructions, gave to the accused —in marked money—the sums which he had requested. Krokroskia was subsequently searched, and the marked bills were discovered in his possession.

Accused, testifying in his own behalf, asserted his innocence and claimed that he had received the bills from each of his accusers as the result of complying with their individual requests for change to use in vending machines located in the school hangar. Other witnesses testified that accused merely administered the examination in question and did not grade it. In addition, proof was adduced of his good character and fine reputation.

The question before us arises from the following portion of the trial counsel's cross-examination of the accused:

"Q. The child was born when?

"A. The one now, sir? She was born July the 6th.

"Q. July the 6th. When were you married?

"A. March the 24th, sir.

"Q. Your wife was pregnant when you married her?

"A. Yes, sir, she was."

Defense counsel promptly interposed an objection and asked for the declaration of a mistrial. The law officer sustained the objection, but refused to declare a mistrial. He nevertheless ordered the court "to disregard the question and answers concerning the date of Airman Krokroskia's marriage and birth of his . . . child." He adhered to that ruling despite an argument by trial counsel, in an out-of-court hearing, that he was entitled to show

acts of misconduct which affected accused's credibility. As there was evidence tending to establish that accused had been married to another at the time his present wife became pregnant, counsel urged that the date of inception of that pregnancy demonstrated accused's guilt of adultery, an offense said to affect his worthiness of belief.

In his final instructions, the law officer did not expand upon nor repeat his advice to disregard the foregoing matter. Cf. United States v Justice, 13 USCMA 31, 32 CMR 31.

Before us, the Government assumes the inadmissibility of the questioned evidence but argues that declaration of a mistrial was not required as it would strain "credulity to postulate that court members would reason that one who commits such an act would perforce also engage in graft." In contending that the law officer's instruction to disregard was sufficient to cure the error, it points to accused's acquittal upon one specification and the fact that his sentence extends "only" to a bad-conduct discharge, confinement for six months, partial forfeitures, and reduction.

The United States is correct in its assumption that the trial counsel's inquiries concerning the pre-marital impregnation of accused's second wife were erroneous. In the past, we have noted our increasing concern with "the lack of 'discrimination in attempted impeachment' on the part of Government counsel." United States v Britt, 10 USCMA 557, 560, 28 CMR 123, 126; United States v Moreno, 10 USCMA 406, 27 CMR 480. And we long ago pointed out that "Every departure from the norm of human behavior may not be shown on the pretext that it affects credibility." United States v Long, 2 USCMA 60, 70, 6 CMR 60, 70. Indeed, a review of our decisions will show that we have many times had occasion to repeat that injunction. United States v Nicholson, 8 USCMA 499, 25 CMR 3; United States v Moreno, supra, and cases cited therein. And see United States v LaCount, 13 USCMA 160, 32 CMR 160.

Moreover, in United States v Britt,

supra, we adverted to the general military rule that acts of misconduct involving moral turpitude or affecting credibility may be shown on cross-examination without regard to proof of conviction, but suggested that this broad principle might be limited to witnesses other than the accused. United States v Britt, supra, at page 560; Manual for Courts-Martial, United States, 1951, paragraphs 138*g*, 153*b*. We did not find it necessary to resolve that issue in *Britt,* supra, and we need not decide it here, for, assuming lack of such a limitation, we are unwilling to ascribe to the general rule so broad a scope as to permit cross-examination of a witness on the untowardly brief period which elapsed between his marriage and the birth of his child.

We arrive at this conclusion for a number of reasons. In the first instance, we are not at all convinced that the premarital relations involved here affected credibility to any degree. Cf. United States v Long, supra. Secondly, public policy encourages the legitimation of children conceived out of wedlock, and we would be remiss in our responsibilities if we did not at once condemn any attempt by the Government to pillory an accused who sought thereby to correct a misstep in accordance with the universally recognized proprieties. Finally, we note once more our repeated caveat against attempts to secure conviction of an accused on the basis of his generally evil nature rather than upon evidence of his guilt. United States v Britt, supra; United States v Moreno, supra. We hold that it was improper for the accused so to be cross-examined by the trial counsel.

Left for determination is the question of prejudice. Code, supra, Article 59, 10 USC § 859. The Government argues that the matter adduced by the prosecution was purged of harm by the law officer's instruction that the court members disregard it in their deliberations. The defense declares that the erroneous inquiry necessitated a mistrial.

Whether an instruction to disregard improper evidence is sufficient to eliminate prejudice depends upon the circumstances of the particular case. United States v Justice; United States v Britt; United States v Moreno, all supra; United States v Grant, 10 USCMA 585, 28 CMR 151; United States v Shepherd, 9 USCMA 90, 25 CMR 352. Under some conditions, advice of that nature might well suffice. Upon the record before us, however, we are compelled to conclude that the mistrial should have been granted. The only real issue before the court-martial was one of credibility. If the Government's witnesses were to be believed, accused was undoubtedly guilty. If the accused was granted credibility, he was as surely innocent. Both sides are supported by strong evidence of the respective witnesses' worthiness of belief. The proof, therefore, was left in a most delicate balance, and we cannot say, with any degree of assurance, that the inadmissible cross-examination did not, even in light of the law officer's instructions, affect the deliberations of the court members upon the issue of guilt or innocence. In short, "the evidence of guilt . . . is not so compelling as to lead inescapably to the conclusion that the impeachment evidence had no influence on the verdict." United States v Britt, supra, at page 561.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Air Force. A rehearing may be ordered.

Chief Judge QUINN and Judge KILDAY concur.