UNITED STATES, Appellee

v

THOMAS B. GEWIN, Captain, U. S. Air Force, Appellant

14 USCMA 224, 34 CMR 4

*Major William A. Crawford, Jr.*, argued the cause for Appellant, Accused. With him on the brief was *Colonel Daniel E. Henderson, Jr.*

*Captain Donald W. Brewer* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Emanuel Lewis.*

## Opinion of the Court

QUINN, Chief Judge:

Appellant was convicted of failing to obey an order not to drink alcoholic beverages on duty and with being drunk on duty, in violation of Articles 92 and 112, Uniform Code of Military Justice, 10 USC §§ 892 and 912, respectively. He was sentenced to dismissal.[1]

The board of review held it was error to admit into evidence, over defense counsel's objection, testimony by accused's unit commander that he had, previous to the offense in issue, counseled the accused "on alleged or reported prior indulgence in alcohol while on duty." We agree with the board of review's determination. United States v LaCount, 13 USCMA 160, 32 CMR 160; see also United States v Arevalo, 11 USCMA 417, 418, 29 CMR 233. We also agree with the board of review that the law officer's instruction, which limited the purpose for which the evidence was admissible on the merits, and the Government's proof of guilt, which included a diagnosis by two medical doctors that the accused was suffering from acute alcoholic intoxication, plus a laboratory report showing a blood alcohol content of 4.05 milligrams per milliliter, with 1.5 milligrams per milliliter being considered the "intoxicant level," compel the conclusion the accused was not prejudiced as to the findings. United States v Pavoni, 5 USCMA 591, 18 CMR 215; cf. United States v Krokroskia, 13 USCMA 371, 32 CMR 371. However, we disagree with the board of review's conclusion that the inadmissible evidence was not prejudicial as to the sentence.

The board of review reasoned the prefinding instruction, that the court-martial should not consider the prior acts of misconduct as proof of guilt of the offenses charged, was "in effect" an instruction not to consider the evidence in relation to the sentence. The instruction refers only to the merits; and in our opinion there is more than a fair risk that the court members did not construe the instruction as a direction to disregard the evidence of other offenses in their deliberations on the sentence, since they were also instructed to consider "all the facts and circumstances of the case."

Some trial errors affecting the sentence can be purged by reassessment of the sentence on review. See United States v Rivera-Cirino, 12 USCMA 417, 31 CMR 3. Other errors require a rehearing before the court-martial. United States v Fowle, 7 USCMA 349, 22 CMR 139. The instant case falls within the latter class.

The order which the accused did not obey is contained in a statement titled "POLICY" on the use of alcoholic beverages. It was addressed to "All Sections" and contains specific instructions to "Section Chiefs." It is distinctly arguable that the statement

---

[1] The law officer instructed the court-martial that the offenses were not separate for punishment purposes.

**225**

does not apply directly to individual personnel of the command, but rather requires issuance of a supplemental order by a section chief to make it effective against an individual. See United States v Farley, 11 USCMA 730, 29 CMR 546. More important, the whole policy statement was admitted into evidence. In part, it provides there "cannot be any compromise with relation to alcoholic beverages" and that anyone who consumes alcoholic beverages during duty hours "will [be] immediately relieve[d] from duty." There is, in our opinion, a fair risk the policy statement and the inadmissible evidence of other like offenses were such "powerful external influences" as materially to influence the court-martial in its decision to sentence the accused to dismissal. United States v Fowle, supra, page 352.

The decision of the board of review as to the sentence is reversed and the sentence is set aside. A rehearing thereon may be had.

Judges FERGUSON and KILDAY concur.