UNITED STATES, Appellee

v

RUSSELL E. SLY, JR., Private, U. S. Marine Corps, Appellant

16 USCMA 628, 37 CMR 248

No. 19,998

April 21, 1967

*Lieutenant Colonel Frederick H. Campbell,* USMC, was on the pleadings for Appellant, Accused.

*Major Ernest B. Wright,* USMC, was on the pleadings for Appellee, United States.

### Opinion of the Court

PER CURIAM:

The accused stands convicted of violating Article 121 of the Uniform Code of Military Justice, 10 USC § 921, by wrongfully appropriating a motor vehicle, which the owner had turned over to him for washing and waxing.

At trial, evidence was admitted to the effect that a general officer observed the accused driving the vehicle

in "officers' country" at a speed substantially in excess of the posted limit.[1] The general reported the matter to the Provost Marshal at Marine Corps Air Station, Cherry Point, North Carolina, and a speeding citation was issued for the accused. No instruction was given to the court-martial as to the limited purpose for which this evidence of other misconduct was received. The absence of such an instruction is error. United States v Gewin, 14 USCMA 224, 34 CMR 4.

Evidence of accused's guilt of the misappropriation offense is compelling. Part of the evidence consists of an admission by the accused, in his trial testimony, that he drove the car off the station to Wilmington, North Carolina, knowing at the time no "provision to drive to Wilmington" was "included" within the terms of his "agreement to wash and wax the car." It is, therefore, apparent that the failure to give the limiting instruction was not prejudicial as to the findings of guilty.

So far as the sentence is concerned, a ticket for speeding hardly seems the kind of misconduct that would incline court members to adjudge a more severe sentence than that justified only by the circumstances of the offense found and the background of the accused. However, the manifest interest of a general officer may have distinguished the incident as one meriting more than passing attention. See United States v Gewin, supra. There is, therefore, at least a fair risk that the evidence might improperly have been considered by the court members in their deliberations on the sentence. United States v Kirby, 16 USCMA 517, 37 CMR 137.

The decision of the board of review as to the sentence is reversed. The record of trial is returned to the Judge Advocate General of the Navy for resubmission to the board of review for reassessment of the sentence in light of this opinion.

---

[1] The officer was not in the chain of command of the accused. Cf. United States v Gordon, 1 USCMA 255, 2 CMR 161.