## UNITED STATES

### v.

**Sergeant Dale A. STOPPENHAGEN, FR 310–58–0956 305th Organizational Maintenance Squadron 1st Strategic Aerospace Division (SAC).**

#### ACM 21857.

U. S. Air Force Court of Military Review.

17 Sept. 1975.

Appellate counsel for the Accused: Colonel William E. Cordingly, Colonel Jerry E. Conner and Major Bruce R. Houston.

Appellate counsel for the United States: Colonel C. F. Bennett and Captain Alvin E. Schlechter.

### DECISION

ORSER, Judge:

At his trial by general court-martial with members, the accused was convicted, despite pleas of not guilty, of one specification each of sale and possession of heroin, in violation of Air Force Regulation 30–2,[1] and Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. The court sentenced him to a bad conduct discharge, forfeiture of $172.00 per month for 12 months, confinement at hard labor for 12 months and reduction to airman basic. In turn, the convening authority approved the discharge and reduction adjudged, but only so much of the remainder as extends to forfeiture of $172.00 per month for nine months and confinement at hard labor for that period of time.

---

1. AFR 30–2, Social Actions Program, paragraph 4–46, 1 August 1974.

Appellate defense counsel, in addition to inviting our attention to six assertions of error submitted by trial defense counsel in the accused's behalf, have filed a brief in support of one. All errors except the one discussed by appellate counsel were considered in the review by the staff judge advocate and properly resolved adversely to the accused. Further discussion herein is thus unnecessary.

In the remaining assignment, counsel contend that the military judge erred to the accused's substantial prejudice by permitting a Government witness to testify that he had been informed the accused was a user and seller of narcotics. Consideration of this issue requires only brief attention to the factual setting.

During the Government's presentation on the merits, an airman Baptiste testified that he smoked heroin with the accused and also purchased a quantity of the drug from him as alleged in the charges. These events occurred, related the witness, in the accused's automobile while it was parked near the base alert facility. As a prelude to this testimony, in order to pre-corroborate particulars of the sale, the Government initially called to the witness stand a noncommissioned officer who worked in the same organization as the accused and was acquainted with both him and the buyer.

The sergeant testified that at about 0915 hours on the date pertinent to the charges, he noticed the accused's automobile. The vehicle was parked in the alert facility parking lot and contained two occupants. The witness thought it unusual that, despite it being a warm day, the windows were closed and there was smoke in the interior. With his attention thus focused on the vehicle, he recognized the occupants as the accused and Baptiste, an airman temporarily assigned to the base. He recognized the accused, who was seated on the driver's side, because of his "platinum blond hair." He knew the other occupant was Baptiste

by virtue of his attire, characteristics and features. While observing the occupants, he saw the accused's hand move toward Baptiste. The witness further related that promptly thereafter he reported this, what he considered suspicious activity, to the officer in charge of his organization.[2] In response to a question by the trial counsel, the witness was then permitted to testify, over strenuous defense objection, that an additional factor motivating his report was that his job predecessor had briefed him that the accused "was a user and pusher of narcotics."

Immediately thereafter, the military judge instructed the court members that the testimony concerning the accused's use and sale of drugs was

admitted solely for the purpose of explaining why the witness observed the accused and for the purpose of explaining the identification of the accused by the witness. You may not consider that testimony for the purpose of raising an inference of guilt or tending to show that the accused has a disposition to do the criminal acts charged.

At two succeeding junctures of the trial, preliminary to findings and sentencing, the military judge provided similar instructional limitations respecting the testimony.

At the outset, we observe that contrary to the military judge's instructions, the allegation of the accused's prior drug involvement was not offered to explain why the witness observed the accused and was able to identify him. Instead, as the testimony of the witness demonstrates, the report of misconduct was simply one of the factors that prompted him to report the suspicious activity he observed, and the Government ostensibly offered it solely for such purpose.

■ The major difficulty with this theory of admissibility is that the challenged report of misconduct was not a relevant factor in support of the witness' decision to

2. As a result of the sergeant's report, appropriate authorities were duly notified and Airman Baptiste was subsequently searched. During the search .04 grams of heroin was discovered in his suitcase. In his testimony, Baptiste related that this contraband was the heroin he had earlier purchased from the accused.

report his observations.[3] In that respect, the sole factor of relevance was that in making the report the witness identified the accused as one of the occupants of the vehicle and Baptiste as the other. Why the witness chose to make it, aside, obviously, from the suspicious activity he had observed, was in no sense in issue. In the context in which it was elicited, the allegation of misconduct served no legitimate trial purpose. And the risk of harm to the accused resulting from the allegation, especially where the charges before the court were virtually identical to the second-hand report of misconduct, outweighed any conceivable value it otherwise had. See *United States v. Schaible*, 11 U.S.C.M.A. 107, 28 C.M.R. 331 (1960).

▇ By its nature, though concededly it reached not far beyond the rumor level, the allegation of prior drug involvement bordered on proof of offenses not charged or other acts of misconduct which as a general rule are not admissible against an accused. Manual for Courts-Martial, supra, paragraph 138*g*; *United States v. Yerger*, 1 U.S.C.M.A. 288, 3 C.M.R. 22 (1952); *United States v. Graham*, 5 U.S.C.M.A. 265, 17 C.M.R. 265 (1954). There are, of course, well recognized but closely restrained exceptions engrafted on the rule. Thus, such evidence is admissible when it has substantial value to prove a fact in issue, or is offered to properly rebut matters raised by the defense. Manual for Courts-Martial, supra, paragraph 138*g*; *United States v. Yerger*, supra; *United States v. Anderson*, 46 C.M.R. 1073 (A.F.C.M.R. 1973).

None of the exceptions of which we are cognizant apply to the case at bar. For that matter the Government made no pretense that the testimonial indication of prior misconduct was offered as an admissible exception to the rule of prohibition. As observed, the testimony was placed before the court members in the guise of simply serving to explain what motivated the witness to report what he had seen. We hold that in these circumstances the military judge erred in permitting the potentially harmful allegation to be heard by the court members.

▇ Having so decided does not necessarily dictate remedial action, however, for the circumstances must still be tested for prejudice to the accused. *United States v. Vogel*, 18 U.S.C.M.A. 160, 39 C.M.R. 160 (1969); *United States v. Kirby*, 16 U.S.C.M.A. 517, 37 C.M.R. 137 (1967); *United States v. Satey*, 16 U.S.C.M.A. 100, 36 C.M.R. 256 (1966). In this connection, though we have found the challenged testimony irrelevant to issues before the court, at the same time we do not consider it so "unduly inflammatory" as to constitute prejudice per se. *United States v. Roberts*, 18 U.S.C.M.A. 42, 39 C.M.R. 42 (1968). Here, upon careful scrutiny of the record, we are convinced that the erroneous receipt of the evidence resulted in no harm to the accused either as to findings or sentence. The competent evidence of the accused's guilt was substantial and compelling. In such posture the mere mention of prior similar misconduct could not reasonably have been so inflammatory as to adversely influence the findings, especially in view of the military judge's strong limiting instructions. *United States v. Vogel*, supra; *United States v. Johnson*, 3 U.S.C.M.A. 447, 13 C.M.R. 3 (1953); *United States v. Schaible* and *United States v. Anderson*, both supra. In like manner, the military judge's limiting instructions prior to sentencing effectively negated any reasonable possibility that the inadmissible evidence prejudiced the accused as to punishment. *United States v. Kirby*, supra; *United States v. Gewin*, 14 U.S.C.M.A. 224, 34 C.M.R. 4 (1963). The sentence adjudged was substantially less than the permissible maximum and reflects consideration by the court members of only the evidence properly before them.

---

3. We grant that a case could arguably be made to support the admissibility of such an allegation when shown to be truly relevant to a witness' identification of an accused. Here, of course, notwithstanding the understanding of the military judge as demonstrated by the text of his limiting instruction, the allegation was not elicited for such purpose.

For the reasons stated, the findings of guilty and the sentence are

Affirmed.

ROBERTS, Senior Judge, and SANDERS, Judge, concur.