UNITED STATES

v.

Airman Mark L. BUTCHER, FR 440–56–7775 323d Organizational Maintenance Squadron 323D Flying Training Wing (ATC).

ACM S24247.

U. S. Air Force Court of Military Review.

8 Oct. 1975.

ing $350.00 from his barracks roommate, Sergeant Brent K. Grow. This witness testified that he discovered part of the money missing from his locked briefcase on 12 March and the remainder on 14 March 1975. The only evidence linking the accused to the thefts, aside from his ready access to the room and to Grow's keys, was the discovery of his fingerprint on the envelope in which Grow had placed the money. This evidence was of particular importance since Grow insisted that the accused had never had an opportunity to touch the envelope before it was submitted to a criminal laboratory for fingerprint analysis. The accused, on the other hand, denied stealing the money and asserted, contrary to Grow's testimony, that Grow had shown him the envelope on 12 March 1975, at which time the accused had "thumbed through the money."

Despite the defense objection thereto, Grow was permitted to relate that on two occasions approximately two weeks earlier, he had discovered small sums of money missing from his wallet which he had placed on his dresser before retiring. Grow indicated that on each occasion he had locked the door and was asleep when the accused later entered the room. Grow added that only he, the accused and the barracks chief had keys to the room. The obvious import of Grow's testimony was that no one but the accused could have stolen his money.

Evidence of uncharged misconduct is admissible only when it has substantial value as tending to prove something other than a fact to be inferred from an accused's disposition to commit acts of the kind charged or criminal acts in general. Manual for Courts-Martial, 1969 (Rev.), paragraph 138g; *United States v. Pavoni*, 5 U.S.C.M.A. 591, 18 C.M.R. 215 (1955); *United States v. Carrier*, 50 C.M.R. 135 (AFCMR 1975), pet. denied, 50 C.M.R. (1975). In the instant case, the military judge justified his ruling admitting the evidence on the ground that it tended to prove plan or design. See, Manual for Courts-Martial, supra, paragraph 138g(2). However, assuming that proof that the accused had previously stolen money from his roommate in

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Major Bruce R. Houston.

Appellate Counsel for the United States: Colonel C. F. Bennett, Colonel Julius C. Ullerich, Jr., and Captain Frederick P. Waite.

Before LeTARTE, EARLY and ORSER, Appellate Military Judges.

## DECISION

LeTARTE, Chief Judge:

Contrary to his pleas, the accused was convicted of three larcenies and one assault and battery, in violation of Articles 121 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 928. The approved sentence extends to bad conduct discharge, forfeiture of $200.00 per month for three months, confinement at hard labor for three months and reduction in grade to airman basic.

Appellate defense counsel have assigned two errors, but the second issue asserted is rendered moot by our decision. In their first assignment of error, counsel assert that the military judge erred in admitting evidence of uncharged misconduct over defense objection. We agree.

As alleged in Specification 3 of the Charge, the accused was convicted of steal-

the manner alleged would have been relevant for this purpose, or for any purpose, Grow's testimony fell far short of factually establishing such misconduct on the accused's part. Grow did not see the accused take the money, nor was he aware of any other act or statement by the accused that directly connected him to the thefts. In short, Grow's testimony amounted to no more than conjecture that the accused was the thief, and in establishing the admissibility of evidence under paragraph 138g of the Manual, an unsupported allegation of wrongdoing cannot be substituted for a factual showing of misconduct. *United States v. Arevalo*, 11 U.S.C.M.A. 417, 29 C.M.R. 233 (1960); *United States v. Hill*, 9 U.S.C.M.A. 10, 25 C.M.R. 272 (1958); *United States v. Kelley*, 7 U.S.C.M.A. 584, 23 C.M.R. 48 (1957). Thus, the military judge erred in admitting the evidence that the accused was *suspected* of committing other offenses or acts of misconduct.

Furthermore, in view of the conflicting testimony concerning the accused's access to the envelope on which his fingerprint was found, we are of the opinion that his guilt of the offense was not so compellingly established as to preclude any possibility of prejudice. *United States v. Hill*, supra; See, *United States v. Gilliam*, 23 U.S.C.M.A. 4, 48 C.M.R. 260 (1974).

We have detected another ruling by the military judge that warrants our consideration. With respect to the offense alleged in Specification 1 of the Charge, the evidence reflects that on 30 December 1974, a set of automobile "side-pipes" belonging to Staff Sergeant Harold D. See was stolen from his car. On 31 January 1975, Sergeant See observed what he thought were his "tail pipes" in the back seat of a car later identified as the accused's. Sergeant See reported his discovery to a security policeman, Technical Sergeant Randolph L. Becher, who immediately apprehended the accused and advised him of his rights against self-incrimination and to counsel. According to Sergeant Becher, the accused then consented to unlock his car to permit closer inspection of the pipes by Sergeant See. Sergeant Becher confiscated the pipes after Sergeant See subsequently entered the vehicle and identified them as his property.

During an Article 39(a) session, trial defense counsel argued that the pipes had been unlawfully seized and objected to their introduction in evidence. In support of this objection, counsel indicated that the accused intended to testify for the limited purpose of showing that he did not consent to the search. However, the military judge overruled the objection without first affording the accused an opportunity to testify. In making this ruling, the military judge apparently reasoned that the accused's conduct in unlocking his car amounted to an incriminatory nonverbal act, rather than consent to a search, and that since the accused had been advised properly of his rights before opening the door, the resultant seizure of the pipes was not unlawful.

■ Of course, an accused's verbal or nonverbal acts can constitute incriminatory "statements" within the purview of Article 31 of the Code, supra. *United States v. Holmes*, 6 U.S.C.M.A. 151, 19 C.M.R. 277 (1955); *United States v. Taylor*, 5 U.S.C.M.A. 178, 17 C.M.R. 178 (1954). But here, the military judge was not faced with a purported Article 31 violation. The question presented was whether the search of the accused's car and resultant seizure of the stolen pipes therefrom violated the accused's Fourth Amendment rights. And, since no other legal basis existed justifying Becher's entry of the car without a warrant, the accused should have been heard on the issue of consent.[1] Accordingly, we find

1. An argument might be made that the seizure was justified under the "plain view" exception to warrantless searches and seizures. See, *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *United States v. Burnside*,

15 U.S.C.M.A. 326, 35 C.M.R. 298 (1965). However, even assuming that Sergeant See could have identified the pipes as his by examining them from outside the car, in the absence of "exigent circumstances" justifying their immediate confiscation, Sergeant Becher could

that the military judge's failure to permit the accused to testify for this limited purpose constituted prejudicial error.[2]

For the reasons stated, the findings of guilty of Specifications 1 and 3 of the Charge are incorrect in law. Furthermore, since the errors discussed above permitted the members to consider evidence that could have improperly influenced their deliberations as to the remaining offenses charged,[3] the findings of guilty of all charges and specifications are hereby set aside. A rehearing is ordered.

ORSER, Judge, concurs.

EARLY, Judge, absent.

not have seized the pipes without a warrant. *Coolidge v. New Hampshire, supra.*

2. We have reached this conclusion despite the accused's subsequent testimony on the merits wherein he made contradictory statements as to whether he had consented to the search.

3. The accused testified on the merits as to all of the offenses charged. Therefore, his believability was essential to the defense position, and this quality, obviously, was significantly diminished by the improperly admitted evidence.