558

UNITED STATES, Appellee,

v.

Specialist Four Frank ANDRADES, SSN
052–36–5007, United States
Army, Appellant.

SPCM 12732.

U. S. Army Court of Military Review.

27 Sept. 1977.

Colonel Robert B. Clarke, JAGC; Lieutenant Colonel John R. Thornock, JAGC, Captain D. David Hostler, JAGC, and Captain William B. Ramsey, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Major Steven M. Werner, JAGC, Captain Richard A. Kirby, JAGC, and Captain James H. Anderson, JAGC, were on the pleadings for appellee.

Before COOK, DRIBBEN and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Judge:

The appellant was convicted pursuant to his pleas, by a special court-martial of larceny in violation of Article 121, Uniform Code of Military Justice (UCMJ) (10 U.S.C. § 921) and sentenced to a bad-conduct discharge. Upon initial review, the convening authority approved the sentence.

The appellant has submitted two assignments of error. The first assignment of error has been duly considered and is deemed to be without merit. The second assignment of error is meritorious for the reasons hereafter set forth.

The operative facts with which we are concerned are that during the sentencing portion of the trial, the defense called Sergeant First Class Smith to testify in extenuation and mitigation of punishment. Sergeant Smith had known and worked with the appellant for approximately three years. The sergeant described the appellant's duty performance as above average. He further stated that he knew the appellant well, considered him a personal friend,

and described the appellant's personality and character as resulting in the appellant being a "beautiful person."

The following colloquy occurred on cross-examination of the witness:

"Q. When you say that he's a beautiful person, you're of course, aware of the fact that he already has two Article 15s?

A. When I spoke of him as a beautiful person, I was speaking from a personality of a friendship fellowship.

Q. Are you aware that he got a divorce decree, or was divorced on 26 November 1975?

A. Yes, sir.

Q. And that he continued to collect HOLA and COLA for better than a year?

ADC. Your Honor, I object.

MJ. Sustained.

Q. What duty capacity do you know Specialist Andrades?

A. From his or mine?

Q. From your duty capacity. Were you his supervisor?

A. I was a shift leader on the opposite shift; in other words, he didn't work directly under my supervision, and when I was speaking of observing him, it was like in the messhall on both shifts you get a chance to observe both shifts, so I was speaking of observing him from his working ability and my job knowledge.

TC. Thank you.

ADC. Nothing further, Your Honor."

The foregoing colloquy demonstrates that the trial counsel's question attempted to inject an alleged prior act of misconduct into the trial in an effort to impeach or otherwise damage the appellant's character witness.

Although the military judge sustained the trial defense counsel's objection to the question, he did not see fit to admonish the court members to disregard the question and not further consider the information derived therefrom in their consideration of an appropriate sentence.

■ Military practice follows the general rule that evidence of other offenses or acts of misconduct of the accused is not admissible as tending to prove his guilt, for ordinarily this evidence would be useful only for the purpose of raising an inference that the accused has a disposition to do acts of the kind charged or criminal acts in general.[1]

There are seven recognized exceptions to the general rule which permit uncharged misconduct to be introduced into evidence subject to appropriate instructions which limit the court's consideration of such evidence.[2]

Suffice to say that none of the seven exceptions are applicable in these circumstances. Accordingly, the military judge was correct in sustaining the objection to the improper question by the trial counsel. However, that act does not necessarily resolve the issue.

■ The test is whether it can be said that the mere mention of the alleged misconduct, under the circumstances of the particular case, actually influenced the sentence.[3]

Here, the appellant had previously completed 12 years, 4 months and 21 days of honorable service. The evidence admitted at trial indicated that he was an above average worker in his assigned MOS and

---

1. Paragraph 138g, Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Janis*, 24 U.S.C.M.A. 225, 51 C.M.R. 522, 1 M.J. 395 (1976); *United States v. Yerger*, 1 U.S.C.M.A. 288, 3 C.M.R. 22 (1952).

2. Paragraph 138g, *supra*.

3. *United States v. Richard*, 7 U.S.C.M.A. 46, 21 C.M.R. 172 (1956); *see also United States v. Marshall*, 18 U.S.C.M.A. 426, 40 C.M.R. 138 (1969); *United States v. Gewin*, 14 U.S.C.M.A. 224, 34 C.M.R. 4 (1963); *United States v. Johnson*, 3 U.S.C.M.A. 447, 13 C.M.R. 3 (1953).

enjoyed the respect of his peers. He had suffered some minor difficulties in the past and had experienced a divorce which resulted in extensive indebtedness. In addition, he had served in Vietnam and had been awarded a Bronze Star, Army Commendation Medal with Oak Leaf Cluster, Air Medal, Good Conduct Medal, The Vietnamese Cross of Gallantry as well as other service medals.

The court in its wisdom, saw fit to only sentence the appellant to a bad-conduct discharge.

This Court cannot subjectively penetrate the deliberations of the court members and determine that the improper statement played no part in their assessment of a fair and impartial sentence.

In view of the jury's sentence, it would seem possible that the improper question could have supplied information which may have swayed the court in determining that it was appropriate to give the sentence adjudged.

Accordingly, we cannot say with any degree of certainty that the receipt of the improper information did not influence the court in its verdict on sentence. We will resolve our doubt in the appellant's favor.

The finding of guilty is affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority.

Senior Judge COOK and Judge DRIBBEN concur.