UNITED STATES

v.

**Staff Sergeant William F. HALSING, FR 032–44–2610 United States Air Force.**

ACM 23021.

U. S. Air Force Court of Military Review.

Sentence Adjudged 8 Oct. 1980.

Decided 31 July 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Thomas S. Markiewicz, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Lieutenant Colonel Bruce R. Houston.

Before POWELL, KASTL and MAHONEY Appellate Military Judges.

DECISION

KASTL, Judge:

The sole issue in this case is an evidentiary one—whether the military judge, applying Rule 608, Military Rules of Evidence, erred in denying the defense an opportunity to establish the accused's character for truthfulness. We find that the military judge did not err.

The accused was tried for four specifications of larceny, seven specifications of housebreaking, and one specification of receiving stolen property, violations of Articles 121, 130, and 134, Uniform Code of Military Justice.

In regard to the housebreaking offenses, he pleaded not guilty to six specifications but guilty of the lesser included offense of unlawful entry.[1] He shored up this position by testifying about one of these offenses. Upon cross-examination, he explained that he had entered various buildings with companions he knew were stealing; however, he claimed he entered out of curiosity, rather than with the intent to benefit.[2]

Claiming that his character for truthfulness had been attacked on cross-examina-

---

1. The accused pleaded guilty to all other offenses under Articles 121, 130, and 134, Uniform Code of Military Justice. He was convicted of all offenses, with minor amendments as to value and amounts taken in one of the larceny specifications. He was sentenced to a dishonorable discharge, 15 months' confinement at hard labor, forfeiture of $100.00 per month for 15 months, and reduction to the enlisted grade of E–3.

2. The cross-examination covered eight pages of a 106 page record. It pointed out that the accused's claimed state of mind was at variance with human nature and the ways of the world as well as other evidence in the case, but it in no way impugned his overall character for truth and veracity. We characterize this cross-examination as incisive and professional, yet not particularly combative.

tion, the defense then sought to produce evidence supporting the accused's character for truthfulness under Mil.R.Evid. 608(a). The military judge, agreeing with the prosecution's objection, ruled that there had been no attack on the accused's credibility permitting such character evidence favoring the accused.

We believe the decision in *United States v. Jackson*, 588 F.2d 1046, 1055 (5th Cir. 1979) is apposite. There, the defendant was convicted of violating Federal narcotics laws. Rule 608, Federal Rules of Evidence, which exactly parallels Mil.R.Evid. 608, was at issue. The Court reasoned:

> Furthermore, when Jackson elected to take the stand at his trial he did not automatically acquire the right to bolster his credibility. Where an accused takes the stand as a witness he places his credibility in issue as does any other witness. If the prosecution chooses to attack his credibility, he may then introduce evidence of his good character for truthfulness and veracity:

> > The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) *evidence of truthful character is admissible only after the character of the witness for truthfulness* had been attacked by opinion or reputation evidence or otherwise.

Fed.R.Evid. 608 (emphasis added). We find no evidence of an attack upon Jackson's character for truthfulness. During the cross-examination the government attorney questioned Jackson closely about his version of the facts and pointed out conflicts between that testimony and the testimony of other witnesses. However, "[t]he mere fact that a witness is contradicted by other evidence in the case does not constitute an attack upon his reputation for truth and veracity." *Kauz v. United States*, 188 F.2d 9, 10 (5th Cir. 1951). See *Homan v. United States*, 279 F.2d 767, 772 (8th Cir. 1960). The district court did not err in excluding the proffered evidence.

■ We do not find that the cross-examination of the accused as to his intent amounted in this case to an attack on his character for truthfulness by *opinion, reputation* or *otherwise*. Such is the necessary predicate under Mil.R.Evid. 608 enabling the accused to counter with evidence of his truthful character. *State v. Wells*, Me., 423 A.2d 221 (1980) and *First National Bank of Bartesville v. Blakeman*, 19 Okla. 106, 91 P.2d 868, 869 (1907). The cross-examination of accused going to his version of the facts was not enough, in our judgment, to raise the implication that he had a bad character for truthfulness. In short, it did not constitute a broadside attack on the accused as generally untruthful. *United States v. Medical Therapy Sciences, Inc.*, 583 F.2d 36, 39 (2d Cir. 1978). See also Weinstein, Evidence § 608[08] (1977); McCormick, Evidence § 49 (1954); IV Wigmore, Evidence (Chadbourne rev. 1972) § 1108, 1109. See also, Phillips, *A Comparative Study of the Witness Rules in the Proposed Federal Rules of Evidence and in Tennessee Law*, 39 Tenn.L.Rev. 379, 391 (1972) and Booksh, *Article VI of the Federal Rules of Evidence: Witnesses*, 36 La.L.Rev. 99, 116 (1975).

■ We recognize that it is possible for cross-examination to attack the character for truthfulness of an accused or other witness. *United States v. Medical Therapy Sciences, Inc., supra.* Here, however, such is not the case. Moreover, appellate courts should only disturb rulings made by trial judges on character evidence upon a clear showing of prejudicial abuse of discretion. *Michelson v. United States*, 335 U.S. 469, 480, 69 S.Ct. 213, 221, 93 L.Ed. 168, 176 (1948) and *United States v. Medical Therapy Sciences, Inc., supra.* See also *United States v. Kehrer*, 41 C.M.R. 892, 898, (A.F.C. M.R.1969). Here, we find no such abuse of discretion by the trial judge.

The findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MAHONEY, Judge, concur.