**UNITED STATES**

v.

**Airman Robert J. HARVEY, FR 069–54–8519 United States Air Force.**

**ACM 23119.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 13 Nov. 1980.

Decided 3 Sept. 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Wade B. Morrison.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

## DECISION

POWELL, Senior Judge:

Contrary to his pleas, the accused was convicted by general court-martial, military judge alone, of possession and sale of lysergic acid diethylamide (LSD); possession, sale and transfer of cocaine; transfer of marijuana; and two attempted sales of amphetamine, violations of Articles 92, 134 and 80, Uniform Code of Military Justice, respectively. The accused was acquitted of one specification alleging the wrongful transfer of LSD. The approved sentence is a bad conduct discharge, confinement at hard labor for two years, forfeiture of $330.00 per month for two years and reduction to airman basic.

Among several assigned errors, appellate defense counsel claim that contrary to Mil. R.Evid. 608(a)(2), the military judge permitted one Government witness to bolster the testimony of another Government witness whose character for truthfulness had not been attacked. The defense contends that the erroneous admission of this evidence prejudiced the accused. We reject this contention.

The Government's witness to the transfers of LSD, cocaine and marijuana and one attempted sale of amphetamine was a member of the accused's organization who acted as an informer for the Office of Special Investigations (OSI). In order to establish that one substance transferred was marijuana, the informer was questioned on direct examination about his past wrongful use of and familiarity with marijuana. Once qualified as a lay expert, the witness stated that the substance was marijuana. On cross-examination, the informer admitted to using marijuana on as many as 100 occasions and hashish at least six times. Further, the defense tried to show that the witness had a personal bias toward the ac-

cused and that the witness may have fabricated his testimony immediately prior to trial through examination of OSI investigative notes and reports. The bolstering evidence complained of occurred when the former commander of the OSI Detachment was permitted to state: "My opinion is that [the witness] is the most truthful, most credible source I have had occasion to work with."

▆ Mil.R.Evid. 608(a)(2) provides that the credibility of a witness may be supported by opinion and reputation evidence regarding character for truthfulness only after that character of the witness has been attacked by opinion or reputation evidence or otherwise. Rule 608(b) permits an attack on the witness' credibility through inquiry on cross-examination of the witness concerning specific instances of conduct if they are probative of the witness' character for untruthfulness. In resolving issues concerning the admissibility of character evidence under Rule 608, the military judge has wide discretion in determining whether impeachment of the witness has occurred and in weighing the evidence's probative value against any prejudicial effect of its receipt. Saltzburg and Redden, *Federal Rules of Evidence Manual*, pp. 312–13 (2nd Ed. 1977); *Weinstein's Evidence*, § 608[08] 1978.

▆ While incidents of past wrongful marijuana usage do not necessarily concern character for untruthfulness, under the circumstances of this case, we are convinced that the expanded admissions to use were elicited by the defense on cross-examination of the witness for the sole purpose of attacking his credibility.* The military judge treated this tactic as impeachment and, in the absence of an objection, did not exclude the evidence. His ruling permitting the rehabilitation of the witness thereafter, was safely within the exercise of his discretion and did not constitute error.

---

* In his brief submitted pursuant to Article 38 c, UCMJ, the trial defense counsel optimistically characterizes the effects of his cross-examination of the witness as "total and complete de-

struction." Further, he specifically lists the marijuana and hashish use as "points of impeachment."

Even if considered error, the accused was not prejudiced. As the fact finder, the military judge was well qualified to properly weigh the evidence and assess credibility. There is no indication that he gave the bolstering evidence any undeserved status. To the contrary, the military judge acquitted the accused of one offense on which the witness' testimony was the sole Government evidence. This shows that the military judge carefully considered all the evidence and was not overwhelmed by the opinion of the OSI detachment commander.

The defense also claims that the accused was prejudiced by the military judge's determination that certain offenses were separately punishable.

 Following the announcement of findings, the parties agreed that the maximum permissible punishment included confinement at hard labor for 40 years. This computation reflected that sale of a portion of a greater quantity of a controlled substance and possession of the remainder are separate offenses for punishment purposes. It also recognized that transfers of different substances to different persons at different times on the same day were separate offenses. Only the attempted sales of amphetamine were found to be multiplicious. We accept this computation. *United States v. Wessels*, 8 M.J. 747 (A.F.C.M.R.1980), *pet. denied*, 10 M.J. 13.

Were we to decide otherwise, again we find no prejudice to the accused. If we adopt the defense's contention, the maximum authorized period of confinement at hard labor would be reduced from 40 to 23 years. Considering the circumstances of the offenses of which the accused was found guilty, we find that this difference would not have significantly impacted on the military judge's sentence which included confinement at hard labor for only two years.

 The remaining assigned errors and the matters raised in the trial defense counsel's brief submitted pursuant to Article 38(c), Code, *supra,* have been considered and are resolved adversely to the accused. Spe-

cifically, with regard to the asserted denial of a speedy post-trial review, having found no error requiring a rehearing, dismissal of the charges would not be an appropriate remedy even if the delay were unreasonable, which it was not. *United States v. Gray,* 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973).

The findings of guilty and the sentence are

AFFIRMED.

KASTL and MAHONEY, Judges, concur.