**UNITED STATES**

v.

**Airman First Class Anthony B. PORTA,
FR 194–58–0278 United States
Air Force.**

**ACM S25577.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 10 Feb. 1982.

Decided 26 Aug. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Douglas H. Kohrt.

Appellate Counsel for the Government: Colonel James P. Porter, Colonel Kenneth R. Rengert, Major George D. Cato and Colonel Melvin L. Kleweno, Jr., USAFR.

Before KASTL, HEMINGWAY and RAICHLE, Appellate Military Judges.

**DECISION**

KASTL, Senior Judge:

Airman First Class Porta was tried by special court-martial, with members, for various drug-related offenses. His sentence was a bad conduct discharge, confinement at hard labor for six months, forfeiture of $367.00 per month for six months, and reduction to airman basic.

I

The accused argues that the military judge erred by failing to instruct the mem-

bers orally, prior to sentencing deliberations, on the proper mechanics for voting. Specifically, the judge did not advise that: (1) members desiring to suggest a sentence would write their proposal on a slip of paper; (2) the court would vote by secret written ballot; and (3) voting on proposed sentences would begin with the lightest sentence proposal. See Instruction 6–30a, Air Force Manual 111–2, Court-Martial Instructions Guide, 15 October 1971. This language generally appeared in the "fine print" on the sentence worksheet; however, it was not mentioned orally by the judge. No objections were voiced by either side to the instructions as given. The sentence was the maximum possible in a special court-martial.

Absent any indication that the court considered the written advice on voting procedures, failure to orally instruct was error. This is so, regardless of the lack of objection to the instructions as given. *United States v. Pryor*, 19 U.S.C.M.A. 279, 41 C.M.R. 279 (1970); *United States v. Gutierrez*, 42 C.M.R. 521 (A.C.M.R. 1970); *United States v. Harrison*, 41 C.M.R. 595, 596 (A.C.M.R. 1969). *See generally*, paragraph 76*b*, Manual for Courts-Martial, United States, 1969 (Rev.). *See also, United States v. Slubowski*, 7 M.J. 461, 465–466 (C.M.A. 1979). As the Court of Military Appeals stated in *United States v. Johnson*, 18 U.S.C.M.A. 436, 40 C.M.R. 148, 149 (1969), the matter of correct instructions is "more than a mere technicality. It is, essentially, a part of military due process." The Court clarified the reason for the rule:

> A court uninstructed as to this procedure, may well believe that the voting could properly commence with consideration of the most severe proposed sentence. Since we have no way of ascertaining what took place, the voting having been conducted in secret, and, inasmuch as, in our opinion, the matter concerned a substantial right of the accused, the doctrine of plain error may be properly invoked.

*United States v. Johnson, supra,* 40 C.M.R. at 149.

## II

The accused asserts that the record does not reflect a five-minute out-of-court conference on sentencing instructions, thus making the record non-verbatim and requiring that the bad conduct discharge be set aside.

We find no substantial error. The military judge fully delivered his sentencing instructions to the members on the record. Thus, we find the record substantially verbatim. *United States v. Svan*, 10 M.J. 784 (A.F.C.M.R. 1981); *United States v. Congram*, 9 M.J. 778 (A.F.C.M.R. 1980). There is no mandatory requirement that a session on proposed instructions be recorded. We caution, however, that the much-preferred practice is to record such matters. *United States v. Lampkins*, 4 U.S.C.M.A. 31, 15 C.M.R. 31, 33 (1954) (Failure to record session on instructions a "doubtful practice"); *United States v. Svan, supra; United States v. Holthause*, 40 C.M.R. 347, 349–350 (A.B.R. 1968); *United States v. Sachs*, 39 C.M.R. 689, 691 (A.B.R. 1968). Failure to comply with this practice generates unnecessary issues at the appellate level.

## III

The accused also claims that the judge erred by allowing rebuttal testimony from a special agent of the Office of Special Investigations that in his opinion Sergeant Phillips, the government's primary witness, had provided truthful and verified information about the local drug scene. More specifically, the following occurred during the special agent's testimony:

Q. Based upon your entire investigation of the drug scene at Taegu, and information given to you by Sergeant Phillips, do you have an opinion as to his reputation for telling the truth, and the accuracy of his statements?

A. Yes, I do.

Q. Could you describe that to the court?

A. Based on the information provided by Phillips and verified by other people, *approximately ninety to ninety-five percent of what he told me has been* truthful and been *verified by other people.*

Q. And would you describe. . .

IDC: . . . Your Honor, *the defense is going to object again to all of these hearsay insinuations that other people are verifying information that Phillips is giving,* with reference to Porta. We would like it clarified.

MJ: Your objection is sustained. You will disregard the hearsay implications, or you will disregard the answers.

TC: Do you have an opinion as to the reliability for truthfulness of Sergeant Phillips?

WIT: Yes. He is very reliable.

TC: No further questions (emphasis added).

In his findings instructions, the military judge cautioned the members as follows:

As you were instructed yesterday, you must disregard [the special agent's] unresponsive declaration that others may have verbally verified information provided by Sergeant Phillips. In a nutshell, you must limit your consideration of the testimony of [the special agent] to his testimony that he believed that Sergeant Phillips had good character for truthfulness and veracity; and his qualification that he believed ninety-five percent of what was told by Sergeant Phillips.

■ At the outset, we believe that the truthfulness of Phillips was placed in issue by his extensive cross-examination by trial defense counsel. We find no error in the judge's ruling admitting bolstering evidence on the matter. *United States v. Harvey,* 12 M.J. 501, 502 (A.F.C.M.R. 1981); Mil. R. Evid. 608(a)(2). *See also, United States v. Halsing,* 11 M.J. 920, 921 (A.F.C.M.R. 1981).

■ A further matter remains, however. Appellate defense counsel object to portions of the special agent's testimony as to the degree to which others verified Phillips' data, and further assert that such matter was not adequately cured by the judge's limiting instructions. The military judge, correctly we believe, did not permit the response and later instructed the members to disregard it. Mil. R. Evid. 608(b). We recognize that the question of whether prej-

udice is successfully overcome by instructions is a matter of judicial abracadabra; as the Court of Military Appeals stated in *United States v. Pastor,* 8 M.J. 280, 284 (C.M.A. 1980), "[A]ssessment of the probable impact of inadmissible evidence upon the court members is always difficult." On the facts of this case we find the limiting instruction sufficient to cure any possible defect. The defense objection was initially sustained, and the members were told to disregard certain implications of the witness's response. We believe no fair risk exists that the court members would not put this matter aside in their deliberations. *United States v. Pastor, supra; United States v. Krokroskia,* 13 U.S.C.M.A. 371, 32 C.M.R. 371, 373 (1962). *See also, United States v. Yanuski,* 16 U.S.C.M.A. 170, 36 C.M.R. 326, 333 (1966).

The other error raised by the accused is resolved adversely to him.

Because of our disposition of the issue concerning voting on sentence, we will take appropriate action. The findings of guilty are affirmed. The sentence is set aside and the record of trial is returned to The Judge Advocate General. A rehearing on sentence may be ordered.

HEMINGWAY and RAICHLE, Judges, concur.