UNITED STATES, Appellee

v

HAROLD A. NEAL, Private, U. S. Army, Appellant

17 USCMA 363, 38 CMR 161

No. 20,464

January 26, 1968

*Captain Thomas D. Wise* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent* and *Captain John Kagel.*

*Captain William R. Steinmetz* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel David Rarick* and *Major John F. Webb, Jr.*

## Opinion of the Court

FERGUSON, Judge:

Tried before a general court-martial convened at Fort Buckner, Okinawa, the accused was found guilty of wrongful possession of marihuana, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934. He was sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for five years. The convening authority approved the sentence. The board of review, pointing to the law officer's minimal instructions on the sentence and anticipating our decision in United States v Wheeler, 17 USCMA 274, 38 CMR 72, reassessed the sentence and reduced it to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for one year. We granted accused's petition for review upon the issue:

"Whether the law officer erred in not having an out-of-court hearing on the proposed defense instructions as suggested by defense counsel (R. 46)."

### I

On June 18, 1966, the accused was apprehended in the Guys and Dolls Bar, Old Koza, Okinawa, for disorderly conduct. He was immediately escorted to the nearby Military Police Station, where a search of his person was accomplished. It disclosed the presence of two small bags of marihuana.

At the trial, the sole contention made by the defense was that the bags had been obtained through an unlawful search and seizure. After overruling counsel's objection to the search, the law officer noted "we are ready for [final] argument." The following then transpired:

"DC: May I interrupt at this point. I would like to submit some instructions. Should we have a conference on instructions?

"LO: Do you have proposed instructions?

"DC: Yes, sir, I do.

"LO: Give them to me and I'll look at them while we are having argument. The government may proceed with argument. (Papers handed to law officer.)"

Thereafter, trial counsel opened for the United States. In response, the defense counsel urged that the crucial issue in the case was the lawfulness of the search and seizure. He contended, under the instructions he had submitted to the law officer, that the search was not an incident of the accused's arrest, concluding his presentation with the declaration: "This is really what the sole issue is. Was that search incident to the man's arrest? I submit to you that the government has not proved that beyond a reasonable doubt."

In response, trial counsel promptly pointed out to the law officer that he had previously ruled on this question. Just as promptly, the law officer advised the court that his ruling the search was legal was one of law, solely within his providence, and that such was binding on the court. He specifically advised the members they were not to concern themselves further with the matter.

Appellate exhibits attached to the record include a requested defense instruction to the contrary, impliedly denied by the law officer by the above-mentioned advice to the court.

### II

The Manual for Courts-Martial, United States, 1951, does not specifically provide for an out-of-court hearing on instructions. Indeed, it apparently was contemplated that the law officer would not be required to advise the court beyond the elements of the offense and the mandatory charge un-

**364**

der Code, supra, Article 51, 10 USC § 851. Manual, supra, paragraph 73c (1). This Court, however, long ago held that Congress intended to create the law officer in the image of a Federal judge and to impose on him the duty of instructing the court fully on all issues in the case. United States v Ginn, 1 USCMA 453, 4 CMR 45; United States v Gilbertson, 1 USCMA 465, 4 CMR 57; United States v Smith, 13 USCMA 471, 33 CMR 3; United States v Jones, 13 USCMA 635, 33 CMR 167. Even the Manual, supra, however, *permitted* the law officer to give the court additional instructions; allowed him to "request counsel for both sides to furnish him with proposed additional instructions" and to "permit counsel to present argument upon proposed instructions." Manual, supra, paragraph 73c (2). In the latter instance, provision was specifically made for the exclusion of the members of the court-martial "during the presentation of any argument." *Id.*, at page 114. Finally, it has been noted that "upon request of counsel, he should advise them prior to the time of their closing arguments what, if any, instructions he intends to give the court." Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, page 76.

The sum of the foregoing indicates the desirability, indeed, the necessity, for a pre-argument conference on instructional matters prior to arguments being heard even if the Manual, supra, does not expressly make provision therefor, it not envisioning the mandatory need for instructions covering all issues in the case, a duty which, consonant with the Congressional purpose, has since become well settled in military law. At the same time, when additional instructions were proposed, it is apparent that it was contemplated such a hearing was to be held, as arguments thereon were to be had in the absence of the fact finders and the counsel were to be notified of action on such requests in advance of arguments. Manual, supra, paragraph 76c (2); Legal and Legislative Basis, supra, page 76. See also United States v

Kuefler, 14 USCMA 136, 138, 33 CMR 348, 350.

A similar duty to hold a pre-argument conference is imposed in the ordinary Federal courts by Rule 30, Federal Rules of Criminal Procedure, which provides:

". . . The court shall inform counsel of its proposed action upon the requests [for instructions] prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. . . . Opportunity shall be given to make the objection [to the instructions] out of the hearing of the jury."

Absent any definitive statement in the Manual, supra, regarding a comparable procedure, we deem Rule 30 a sound basis for imposing a similar requirement in the military system and hold that, prior to arguments, the law officer of a general court-martial should hold an out-of-court conference on instructions in order to act upon requests therefor, hear objections thereon, and, in addition, inform counsel of his action thereon prior to the final arguments in the case. Cf. United States v Kuefler, supra; Legal and Legislative Basis, supra, at page 76.

III

Turning to the facts disclosed by this record, it is obvious the law officer should have held a pre-argument conference on instructions. First, the defense counsel made known his requests and expressly suggested such a procedure. In answer thereto, he was told the matters would be studied during the arguments and, impliedly, acted on thereafter. In consequence, he made his entire argument on an untenable legal theory, the whole of which was summarily demolished by the law officer's subsequent instruction that he, not the court members, was the final arbiter on questions of search and seizure.

In Wright v United States, 339 F2d 578 (CA 9th Cir) (1964), counsel similarly sought action on requested instructions prior to arguments. The

court replied, " 'I am going to give the general instructions. And you go ahead and argue the case any way you want to argue it. And I will instruct the jury as to the law involved in this case.' " In holding the court erred in not acting on the requested instructions prior to argument, Judge Browning declared, at page 580:

> "Nor can we say that the error may be disregarded as not affecting appellant's substantial rights. Rule 52(a), Fed R Crim P. Because the court failed to clearly inform counsel of its ruling on his requests, counsel's closing argument was based upon a theory of defense which the court rejected. . . . We cannot say that this did not impair the effectiveness of counsel's argument and hence of appellant's defense."

See also Chapman v United States, 346 F2d 383, 388 (CA 9th Cir) (1965); and Ross v United States, 180 F2d 160, 165 (CA 6th Cir) (1950).

It is apparent from the foregoing that refusal to defense counsel of a conference on the instructions and the failure to rule on his requests prior to argument prejudicially deprived the defense of its right to a proper summation. Wright v United States, supra. As was said in Ross v United States, supra, at page 165, the obvious purpose of requiring such action is "to inform the trial lawyers in a fair way what the charge is going to be, so that they may intelligently argue the case to the jury." Here, the lack of a conference and action on the requests, together with a completely contrary advice to the court, utterly eliminated the defense's contention. That this contention was unsound "is of course irrelevant. It was the court's failure to advise counsel of its ruling prior to closing argument, not the soundness of that ruling, which . . . prejudicially affected counsel's summation." Wright v United States, supra, at page 580. Under the circumstances, we find the law officer erred to the prejudice of the accused's substantial rights.

The decision of the board of review is reversed and the record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Chief Judge QUINN and Judge KILDAY concur.