UNITED STATES, Appellee

v

RAPHAEL GUZMAN-MARQUEZ, Private,
U. S. Marine Corps, Appellant

17 USCMA 519, 38 CMR 317

No. 20,654

May 10, 1968

Lieutenant Clinton F. Raymond, USNR, argued the cause for Appellant, Accused. With him on the brief were Lieutenant Colonel Frederick H. Campbell, USMC, and Captain Peter B. Work, USMC.

Commander Walter F. Brown, USN, argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel C. R. Larouche, USMC, and Lieutenant Charles Freeland, USNR.

## Opinion of the Court

FERGUSON, Judge:

Tried by general court-martial, the accused was found guilty of wrongful sale of marihuana, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934, and sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for one year. Intermediate appellate authorities affirmed, and we granted accused's petition for review upon a number of assignments of error.

The case against the accused was based principally on the testimony of one Collins, who allegedly purchased marihuana from the accused. In order to bolster his testimony, the Government was permitted, over objection, to introduce a number of prior consistent statements by the witness.

**519**

Under the circumstances, such was error. United States v Kellum, 1 USCMA 482, 4 CMR 74; United States v Kauth, 11 USCMA 261, 29 CMR 77; Manual for Courts-Martial, United States, 1951, paragraph 153a. Considerable evidence of uncharged misconduct was also received concerning accused's use, possession, and possible other sales of marihuana. Nevertheless, the law officer gave no limiting instructions regarding such evidence. His failure to do so was likewise error. United States v Back, 13 USCMA 568, 33 CMR 100; United States v O'Neal, 16 USCMA 33, 36 CMR 189; United States v Gewin, 14 USCMA 224, 34 CMR 4; United States v Rodriguez, 17 USCMA 54, 37 CMR 318.

Moreover, though defense requested an out-of-court conference on instructions prior to the argument of the case, the law officer erroneously refused to hold such a hearing. This, too, was error. United States v Neal, 17

USCMA 363, 38 CMR 161; United States v Kuefler, 14 USCMA 136, 33 CMR 348. In like manner, it was improper for him to limit his instructions on the sentence to the mechanics of voting and the maximum limitations on the punishment which might be adjudged. United States v Wheeler, 17 USCMA 274, 38 CMR 72.

Under the circumstances, these errors were clearly prejudicial to accused's substantial rights. The findings of guilty and the sentence, therefore, cannot stand.

The decision of the board of review is reversed, and the record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

Chief Judge QUINN and Judge KILDAY concur.