**UNITED STATES**

v.

**Sergeant Robert E. BROWDER, FR 406–82–7462, United States Air Force.**

**ACM 24586.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 26 Sept. 1984.

Decided 15 March 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Thomas O. Maser, USAFR.

Before HODGSON, FORAY and MURDOCK, Appellate Military Judges.

**DECISION**

HODGSON, Chief Judge:

This appeal centers on the interpretation to be given Mil.R.Evid. 801(d)(1)(B) which states:

\*　　\*　　\*　　\*　　\*　　\*

(d) *Statements which are not hearsay.* A statement is not hearsay if:

(1) *Prior statement by witness.* The declarant testifies at the trial and is subject to cross-examination concerning the

statement, and the statement is ... (B) consistent with the declarant's testimony and is offered to *rebut an express or implied charge* against the declarant of *recent fabrication* or improper influence or motive.... (Emphasis added)

Appellate defense counsel argue that the trial judge erred by allowing the prosecution to place before the members prior consistent statements of a key government witness when there was no indication that her testimony was a recent fabrication or the result of an improper motive. On the other hand, appellate government counsel contend that the only logical inference from the appellant's testimony denying the offense was that the prosecution witness was fabricating her testimony—thus the government was entitled to establish that the witness had made prior statements consistent with her trial testimony.

The facts before us are not complicated. The testimony at trial disclosed that the appellant and Airman First Class Kidd met at the latter's birthday party on 15 February 1984. At that time the appellant suggested that a gift of cocaine might be an appropriate present. Kidd asked the appellant to leave her room and later reported the incident to the first sergeant who put her in contact with the Office of Special Investigations (OSI). Subsequently, she agreed to assist the OSI with their drug investigation of the appellant. Approximately five weeks later, 26 March, the appellant spoke with Kidd and suggested that she prove she wasn't a "narc" i.e., a narcotics agent. Apparently, she did so to his satisfaction for two days later, 28 March, the appellant came to Kidd's room with a small cellophane package containing white powder which he poured on a magazine and "chopped up" with his ID card. He put some of the substance on the cigarette he was smoking and gave the remainder to Kidd who released it to the OSI. Laboratory analysis identified the substance as cocaine.

The appellant testified he was at Kidd's birthday party but she broached the subject of drugs by inquiring about the availability of marijuana, amphetamines and cocaine. Subsequently, she contacted him about "five or six times" in attempts to get him to provide cocaine. He denied categorically that on 28 March he either used cocaine or distributed cocaine to Kidd.

With the evidence in this posture, the trial counsel, citing *United States v. Meyers,* 18 M.J. 347 (C.M.A.1984), argued that only one conclusion could be drawn from the appellant's testimony—that Kidd was "lying from the stand." Therefore, he should be allowed to rebut this "implied charge" of fabrication on Kidd's part by showing she had made prior statements that were consistent with her in-court testimony. The defense counsel opposed this rebuttal evidence, maintaining that Mil.R. Evid. 801(d)(1)(B) requires the testimony to be the result of a recent fabrication or motive to falsify. He argued that the evidence before the members was merely conflicting versions of the same incident, and the accused's testimony denying his guilt did not imply that Kidd's testimony to the contrary was a recent fabrication or that she had a motive to lie.

The trial judge, after hearing extensive argument on this point, allowed the prosecution to offer prior consistent statements by Kidd. In admitting them, he stated his ruling "troubles me a great deal ... because I think in this case the issue of as to *recent fabrication* is very fuzzy." His concern for the admissibility of the challenged evidence was well taken.

Mil.R.Evid. 801(d)(1)(B) was taken without change from its Federal Rules of Evidence counterpart. The drafter's analysis and editorial comment accompanying both rules makes it clear that the language of the rule covers only those statements that are offered to rebut an express or implied charge against the declarant of a *recent fabrication,* improper influence or bad motive. The commentators were of the opinion that this limitation reflects the common law view that someone who repeats the same story over and over is not necessarily likely to be more truthful than someone who says the same thing just once. In

their view, what the rule does is to permit a party to show that a witness has been consistent in a story once it is suggested that the witness may have falsified the testimony or parts of it. Saltzburg, Schinasi and Schulter, *Military Rules of Evidence Manual*, 1981, p. 339; Saltzburg and Redden, *Federal Rules of Evidence Manual* 2d Ed 1977, p. 455 et seq; *see generally* M.C.M.1969 (Rev), para. 153a. In *United States v. Quinto*, 582 F.2d 224, 233 (2d Cir.1978), a federal appeals court observed that the "drafters of the proposed Federal Rule of Evidence intended that a prior consistent statement could be used as substantive evidence only in those situations in which rehabilitation through consistency would formerly have been allowed."

It appears to us that the term "recent fabrication" holds the key in determining whether a prior consistent statement is to be admitted. In this regard there is nothing in the record to indicate that Kidd's testimony was a "recent fabrication." Further, evidence of a prior statement by a witness consistent with his or her testimony in court is not admissible solely because the in-court testimony has been contradicted by that of another witness. *United States v. Kauth*, 11 U.S.C.M.A. 261, 29 C.M.R. 77 (1960); *United States v. Kellum*, 1 U.S.C.M.A. 482, 4 C.M.R. 74 (1952). Were we to accept the government's argument supporting the admission of Kidd's prior consistent statements, we would be espousing a rule that a party can bolster the testimony of its principal witness due to the existence of conflicting but not necessarily false testimony of an opposing witness. As we stated earlier, merely repeating a story a number of times does not add weight to it.

Prior consistent statements are admissible, but only under those limited circumstances as permitted under Mil.R.Evid. 801(d)(1)(B). Since there is no evidence that Kidd's testimony was a "recent fabrication," and mere contradiction by another witness does not make a prior consistent statement admissible, the trial judge erred by allowing the government to offer Kidd's prior consistent out-of-court statements. *See United States v. Guzman-Marquez*, 17 U.S.C.M.A. 519, 38 C.M.R. 317 (1969); *cf. United States v. Quinto, supra; see also United States v. Meyers, supra* (Everett, C.J. dissenting).

Having decided that the trial judge erred in admitting Kidd's statements, we now assess the impact on the court members. The evidence at trial was finely balanced with the testimony of the crucial witnesses as to the alleged drug abuse in direct contradiction. The error discussed above can be considered harmless only if we find that it did not influence the members or had but a slight effect on their verdict. *United States v. Ruffin*, 575 F.2d 346 (2d Cir. 1978). Since the proof of guilt was basically "one-on-one" testimony, we are unable to reach that conclusion. *See United States v. Clark*, 12 M.J. 978 (A.F.C.M.R. 1982). Accordingly, the findings of guilty and the sentence are set aside. A rehearing may be ordered.

FORAY, Senior Judge and MURDOCK, Judge, concur.