**UNITED STATES**

v.

**Airman First Class Nicholas A. GRESZLER, United States Air Force.**

**ACM S29988.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 30 May 2001.

Decided 25 Jan. 2002.

Appellate Counsel for Appellant: Lieutenant Colonel Beverly B. Knott, Lieutenant Colonel Timothy W. Murphy, and Major Jeffrey A. Vires.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Lance B. Sigmon, and Major John D. Douglas.

Before SCHLEGEL, Senior Judge, ROBERTS, and PECINOVSKY, Appellate Military Judges.

OPINION OF THE COURT

SCHLEGEL, Senior Judge:

The appellant was convicted, contrary to his pleas, of desertion in violation of Article 85, UCMJ, 10 U.S.C. § 885. His approved sentence included a bad-conduct discharge, confinement for 6 months, and forfeitures of $695.00 pay per month for 6 months. His sole assignment of error is that he suffered substantial prejudice because the trial judge failed to include the term "ineradicable" in his sentencing instructions to the court members on the effects of a bad-conduct discharge. We affirm the findings and sentence.

The appellant relies on *United States v. Rush*, 54 M.J. 313 (2001). In that case, the judge gave the standard instruction about a bad-conduct discharge but did not give any portion of the instruction that talks about the "ineradicable stigma" of a punitive discharge. *Id.* at 314. That instruction provides as follows:

> You are advised that the ineradicable stigma of a punitive discharge is commonly recognized by our society. A punitive discharge will place limitations on employment opportunities and will deny the accused other advantages which are enjoyed by one whose discharge characterization indicates that (he)(she) has served honorably. A punitive discharge will affect an accused's future with regard to (his)(her) legal rights, economic opportunities, and social acceptability.

Department of the Army Pamphlet 27–9, *Military Judges' Benchbook*, Instruction 2–5–22 (1 Apr 2001). More importantly, the judge in *Rush* gave no explanation for his refusal to give the standard instruction. Our superior court found the trial judge's failure to explain why he refused to give a standard instruction requested by the defense on the effects of a punitive discharge to be harmless error. *Id.* at 316. The decision does not require a trial judge to give the ineradicable stigma instruction just because it is request-

ed. *Id.* at 317 (Chief Judge Crawford, concurring).

The facts in the case sub judice are clearly distinguishable from *Rush.* The military judge gave the following instruction:

> A bad conduct discharge is a punitive discharge. The stigma of a punitive discharge is commonly recognized by our society, and it will affect the accused's future with regard to legal rights, economic opportunities, and social acceptability.

The military judge also informed them that the appellant's veteran's benefits might be affected by a bad-conduct discharge. The military judge refused to use the word "ineradicable" because he believed the term "stigma" was the appropriate descriptive term for a bad-conduct discharge and that "ineradicable" was redundant.

The term "ineradicable" means "incapable of being eradicated." *The American Heritage Dictionary of the English Language* 923 (3d ed.1992). In other words, incapable of being eliminated. *See id.* at 622–23. A "stigma," on the other hand, is "a mark or token of infamy, disgrace, or reproach." *Id.* at 1765. While the terms do not mean the same thing, we agree with the military judge that stigma is the more appropriate term when used in the context of a punitive discharge.

A punitive discharge and its accompanying stigma can be eradicated. The convening authority can disapprove a punitive discharge. Article 60(c)(1), (2), UCMJ, 10 U.S.C. § 860(c)(1), (2); Rule for Courts Martial (R.C.M.) 1107b(1) and d(1). This court may decide not to affirm a punitive discharge. Article 66(c), UCMJ, 10 U.S.C. § 866(c). Our superior court may set aside a punitive discharge for legal error. Article 67(d), UCMJ, 10 U.S.C. § 867(d). The Secretary of the Air Force is authorized, "for good cause," to substitute an administrative discharge for a punitive discharge. Article 74(b), UCMJ, 10 U.S.C. § 874(b). Pursuant to federal statutes, the Secretary has also established a discharge review board and a board for correction of military records, both of which are authorized to eradicate punitive discharges. *See* 10 U.S.C. §§ 1552, 1553. Accordingly, we agree with the military judge that "stigma" is a more accurate term. Individuals who serve in the armed forces of our nation begin their service with different motivations and goals. However, a common objective for everyone is that his or her service be regarded as honorable when it is over. Honorable service commands the respect of a grateful nation; a punitive discharge garners disdain and shame.

"[I]nstructions as a whole [should] clearly convey the message to the members that the punitive discharge is a severe punishment." *United States v. Soriano,* 20 M.J. 337, 343 (C.M.A.1985) (citing *United States v. Turner,* 34 C.M.R. 215, 218, 1964 WL 4998 (C.M.A. 1964)). We find that the instructions concerning the punitive discharge given by the judge to the members in this case meet that standard.

Finally, we also note that, while the Department of the Army Pamphlet 27–9, *Military Judges' Benchbook* (15 Oct 1999) is widely used as a reference guide, Air Force judges are not obligated to use it. Rather than rely blindly on this pamphlet, judges should ensure their instructions meet the requirements of the *Manual for Courts Martial, United States* (2000 ed.), the Rules for Courts Martial, and case law.

The approved findings and sentence are correct in law and fact and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ; *United States v. Turner,* 25 M.J. 324, 325 (C.M.A. 1987). Accordingly, the approved findings and sentence are

AFFIRMED.