# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39375**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Anthony B. PATRON**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 11 April 2019

————————————

*Military Judge:* Jefferson B. Brown.

*Approved sentence:* Dishonorable discharge, confinement for 10 years, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 17 October 2017 by GCM convened at Barksdale Air Force Base, Louisiana.

*For Appellant:* Major Dustin J. Weisman, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Mary Ellen Payne, Esquire.

Before HUYGEN, POSCH, and KEY, *Appellate Military Judges.*

Judge KEY delivered the opinion of the court, in which Senior Judge HUYGEN and Judge POSCH joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

KEY, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas pursuant to a pretrial agreement, of one specification of attempted rape of a child under the age of 12 years, one specification

of rape of a child under the age of 12, and two specifications of sexual abuse of a child under the age of 12, in violation of Articles 80 and 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 920b. Specifically, Appellant was convicted of committing sexual and lewd acts upon his younger half-sister, when she was between 7 and 9 years old, by penetrating her vulva with his penis; licking her genitalia with his tongue, with the intent to gratify his sexual desire; touching her genitalia, groin, inner thighs, and buttocks with his penis, with the intent to gratify his sexual desire; and attempting to penetrate her mouth with his penis. The military judge sentenced Appellant to a dishonorable discharge, confinement for 12 years, forfeiture of all pay and allowances, and reduction to the grade of E-1. In accordance with the limitation of the pretrial agreement, the convening authority approved only ten years of confinement. He otherwise approved the sentence as adjudged.

On appeal, Appellant asserts there is a "substantial question regarding whether [Appellant's] plea was knowing and voluntary" because the military judge conducted an insufficient colloquy regarding sex offender registration requirements, thereby failing to ensure Appellant "fully appreciated the consequences that would 'automatically result' from his plea of guilty to a sex offense." We find no error and affirm.

## I. BACKGROUND

After Appellant joined the Air Force, he periodically visited his mother, stepfather, and half-sister at Fort Hood, Texas, and later at Fort Leonard Wood, Missouri. Appellant's younger half-sister (AL) was between 7 and 9 years old during this time. On approximately three occasions, after the others in the house fell asleep, Appellant engaged in various sexual conduct with AL, largely consisting of Appellant licking AL's genitals and rubbing his penis on AL's naked body until he ejaculated. On one occasion, Appellant tried to convince AL to put her mouth on his penis, but AL refused, and Appellant abandoned that effort. The investigation in this case began when AL discussed her suicidal ideations with classmates, and Appellant subsequently confessed to committing the sexual abuse.

At Appellant's court-martial, the military judge held the following exchange with trial defense counsel and Appellant regarding sex offender registration and Appellant's continued desire to plead guilty:

> MJ [Military Judge]: Defense Counsel, did you advise the accused prior to trial of the sex offender reporting and registration requirements resulting from a finding of guilty as to these charges and specifications?

> DC [Trial Defense Counsel]: We have, Your Honor.

MJ: Airman Patron, are you a United States citizen?

ACC [Accused]: Yes, sir.

MJ: Take a moment now and consult again with your defense counsel, and then tell me whether you still want to plead guilty.

[The accused conferred with his defense counsel.]

DC: Thank you, Your Honor.

MJ: Do you still want to plead guilty?

ACC: Yes, sir.

The military judge subsequently found Appellant's guilty plea provident and accepted it.

## II. DISCUSSION

Appellant asserts the military judge erred by not advising him of the negative consequences of being labeled a "sex offender." Although the military judge confirmed that trial defense counsel advised Appellant of sex offender reporting and registration requirements, Appellant now asserts "the military judge erred when he abrogated his responsibility to ensure [Appellant]'s guilty plea was knowing and voluntar[y] by outsourcing that responsibility to trial defense counsel." We disagree.

"A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (quoting *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996)) (additional citations omitted). An abuse of discretion occurs when there is "something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Id.* In *United States v. Miller*, where the appellant asserted he was unaware of sex offender registration requirements, the United States Court of Appeals for the Armed Forces (CAAF) found the military judge did not abuse his discretion in accepting the guilty plea but provided a "prospective rule . . . to address the importance of trial defense counsel explaining the sex offender registration requirement to an accused":

> For all cases tried later than ninety days after the date of this opinion, trial defense counsel should inform an accused prior to trial as to any charged offense listed on the DoD Instr. 1325.7 Enclosure 27: Listing Of Offenses Requiring Sex Offender Processing. Trial defense counsel should also state on the record of the court-martial that counsel has complied with this advice

requirement. While failure to so advise an accused is not per se ineffective assistance of counsel, it will be one circumstance this Court will carefully consider in evaluating allegations of ineffective assistance of counsel.

63 M.J. 452, 459 (C.A.A.F. 2006) (footnote omitted).

As the CAAF later explained in *United States v. Riley*, defense counsel must inform the accused of any sex offender registration requirement that is a consequence of a guilty plea, "but it is the military judge who bears the ultimate burden of ensuring that the accused's guilty plea is knowing and voluntary." 72 M.J. 115, 122 (C.A.A.F. 2013). In *Riley*, the CAAF found "that the military judge abused his discretion when he accepted [the appellant]'s guilty plea without questioning defense counsel to ensure [the appellant]'s knowledge of the sex offender registration consequences of her guilty plea to kidnapping a minor."[1] *Id*. The *Riley* court further found that "it was incumbent upon the military judge to ensure that [the appellant]'s plea was a 'knowing, intelligent act[ ] done with sufficient awareness of the relevant circumstances and likely consequences.'" *Id*. (second alteration in original) (quoting *United States v. Brady*, 397 U.S. 742, 748 (1970)). Moreover, "[t]he failure to inform a pleading defendant that the plea will necessarily require registration as a sex offender affects whether the plea was knowingly made." *Id*. (quoting *People v. Fonville*, 804 N.W.2d 878, 895 (Mich. Ct. App. 2011)). In *Riley*, the CAAF further explained that following the guidance in the Military Judges' Benchbook would meet the requirement.[2] *Id*.

Appellant concedes the military judge followed the Benchbook guidance but argues the military judge should have asked more questions based upon *Padilla v. Kentucky*, in which the Supreme Court found defense counsel's performance was defective based on the failure to advise the defendant that his plea of guilty made him subject to automatic deportation. 559 U.S. 356 (2010). The CAAF, however, has specifically found, "[i]n our view, the Benchbook accurately reflects the *Miller* and *Padilla* line of cases." *Riley*, 72 M.J. at

---

[1] *Riley* involved a trial defense counsel who did not realize kidnapping of a child would require sex offender registration, even in the absence of a sexual offense.

[2] At the time of Private Riley's court-martial, the 1 January 2010 version of the Benchbook was in effect. *See Military Judges' Benchbook*, Dept. of the Army Pamphlet 27–9 at 28 (1 Jan. 2010). The 10 September 2014 version was in effect at the time of Appellant's court-martial. The sex offender question is the same in both versions of the Benchbook. *See Military Judges' Benchbook*, Dept. of the Army Pamphlet 27–9 at 28 (10 Sep. 2014).

122 (citation omitted). Indeed, the fault the CAAF found with the military judge in *Riley* was the judge's failure to ask the one question set out in the Benchbook—whether or not defense counsel had advised the accused of the sex offender reporting and registration requirements. *Id.* The CAAF went on to state, "therefore 'an individual military judge should not deviate significantly from [the Benchbook] instructions without explaining his or her reasons on the record.'" *Id.* (quoting *United States v. Rush*, 54 M.J. 313, 315 (C.A.A.F. 2001)).

In this case, the military judge fulfilled his obligation to ensure Appellant had been advised by the trial defense counsel of the sex offender reporting and registration requirements. The military judge did so by explicitly following the Benchbook instructions endorsed by the CAAF regarding sex offender registration. The military judge asked trial defense counsel whether he had advised Appellant of reporting and registration requirements, and trial defense counsel confirmed he had. Nothing more is required.

Having reviewed the record, we find nothing with regard to the factual basis or the law that would raise a substantial question regarding the providence of Appellant's guilty plea. In addition to trial defense counsel's statement that he had discussed sex offender registration with Appellant, trial defense counsel visited the issue in both his sentencing argument and clemency submission, indicating that sex offender registration was one of defense counsel's foremost considerations and was not an oversight, which was the case in *Riley*. Military judges must ensure that an accused's guilty plea is knowing and voluntary, as the military judge in this case did. We decline Appellant's invitation to require additional inquiry into the topic of sex offender registration beyond what is required in *Riley*.

### III. Conclusion

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c) (2016). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court