IN THE CASE OF


UNITED STATES, Appellee

v.

Daniel L. RASNICK, Airman Basic
U.S. Air Force, Appellant

No. 02-0851

Crim. App. No. S30004

United States Court of Appeals for the Armed Forces



Decided January 17, 2003




<u>Counsel</u>


For Appellant:  Captain Antony B. Kolenc, Colonel Beverly B. Knott, and Major Terry L. McElyea.



For Appellee:  Major John D. Douglas, Colonel LeEllen Coacher, and Lieutenant Colonel Lance B. Sigmon.




Military Judge:  Patrick M. Rosenow


<u>**This opinion is subject to editorial correction before final publication.**</u>

PER CURIAM

Pursuant to his pleas of guilty, the Appellant was convicted at a special court-martial of three specifications of disrespect toward a superior commissioned officer, insubordinate conduct toward a non-commissioned officer, and disobeying an order, in violation of Articles 89, 91, and 92, Uniform Code of Military Justice, 10 USC §§ 889, 891, 892, respectively. Officer members sentenced him to a bad-conduct discharge, restriction to the limits of Sheppard Air Force Base, Texas, for two months, and forfeiture of $500 pay per month for two months. The convening authority approved only so much of the sentence that provided for a bad-conduct discharge and forfeiture of $500 pay for one month. The Court of Criminal Appeals affirmed in an unpublished opinion.

On Appellant's petition, we granted review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED BY REFUSING TO INSTRUCT THE MEMBERS THAT A PUNITIVE DISCHARGE IS AN "INERADICABLE" STIGMA WHERE THE ONLY REASON FOR THE REFUSAL WAS THE MILITARY JUDGE'S MISTAKEN BELIEF THAT THE WORD "INERADICABLE" WAS AN INCORRECT STATEMENT OF THE LAW AND OVERSTATED THE NEGATIVE IMPACT OF SUCH A DISCHARGE.

For the reasons set forth below, we affirm the decision of the Court of Criminal Appeals.

United States v. Rasnick, No. 02-0851/AF

At Appellant's court-martial, the military judge instructed the court-martial panel as follows with respect to the possibility of adjudging a punitive discharge:

> Now members, you are advised that the stigma of a punitive discharge is commonly recognized by our society. A punitive discharge will place limitations on employment opportunities and will deny the accused other advantages which are enjoyed by one whose discharge characterization indicates that he has served honorably. A punitive discharge will affect an accused's future with regard to his legal rights, economic opportunities, and social acceptability.
>
> You may adjudge a bad conduct discharge. Such a discharge deprives one of substantially all benefits administered by the Department of Veterans Affairs and the Air Force establishment. A bad conduct discharge is severe punishment and may be adjudged for one who in the discretion of the court warrants severe punishment for bad conduct, even though such bad conduct may not include commission of serious offenses of a military or civil nature.

The instruction was patterned after the model guidance in the Military Judges' Benchbook, with one exception at issue in the present appeal. In contrast to the instruction provided by the military judge, the first sentence of the model instruction describes the stigma of a punitive discharge as "ineradicable." Legal Services, Dep't of the Army, Pamphlet 27-9, Military Judges' Benchbook, para. 2-6-10 (2001). The military judge

denied Appellant's request to include the word "ineradicable" in the instruction.

If a military judge declines to give a requested instruction, the denial is reviewed under an abuse of discretion standard. United States v. Damatta-Olivera, 37 M.J. 474, 478 (C.M.A. 1993). Although the word "ineradicable" provides an appropriate means of describing the future impact of a punitive discharge, see United States v. Rush, 54 M.J. 313 (C.A.A.F.), it is not the exclusive means of doing so. The instructions provided by the military judge in the present case adequately advised the members that a punitive discharge was a "severe" punishment, that it would entail specified adverse consequences, and that it would affect Appellant's "future with regard to his legal rights, economic opportunities, and social acceptability." The instructions were sufficient to require the members to consider the enduring stigma of a punitive discharge.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.