# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**DANE H. DENOBRIGA**
**AVIATION SUPPORT EQUIPMENT TECHNICIAN SECOND CLASS (E-5),**
**U.S. NAVY**

**NMCCA 201300168**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 17 January 2013.
**Military Judge:** CAPT Tierney Carlos, JAGC, USN.
**Convening Authority:** Commander, Navy Region Europe, Africa, Southwest Asia, Naples, Italy.
**Staff Judge Advocate's Recommendation:** CDR J.A. Link, JAGC, USN.
**For Appellant:** Maj Paul Ervasti, USMC; Capt David Peters, USMC.
**For Appellee:** Capt Matthew Harris, USMC.

**27 March 2014**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A panel of members with enlisted representation, sitting as a general court-martial, convicted the appellant, contrary to his pleas, of conspiracy and larceny, in violation of Articles 81 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 921. The members sentenced the appellant to twelve months' confinement, a fine of $20,000.00, and a dishonorable discharge. The convening authority approved the sentence as adjudged, and

except for the punitive discharge, ordered the sentence executed.

The appellant has submitted one assignment of error, asserting that the military judge erred by failing to properly instruct the members as to the difference between a dishonorable discharge and a bad-conduct discharge.

After careful consideration of the record of trial, the appellant's assignment of error, and the pleadings, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

The charges in this case arose out a fraudulent marriage scheme that allowed the appellant to collect over $100,000.00 in Basic Allowance for Housing (BAH) funds, and his "wife" to obtain permanent resident status. The appellant was also convicted of stealing $6,873.00 from United Services Automobile Association (USAA) by submitting a false claim for a stolen motorcycle. During his sentencing argument, trial defense counsel discussed some of the collateral consequences from these convictions, such as the appellant's inability to qualify for a Veterans Affairs loan and future difficulty obtaining a security clearance. He also noted the stigma of the conviction itself that would follow the appellant "for the rest of his life" and argued against a punitive discharge so as to avoid giving the appellant "another brand." Record at 768-69.

Prior to deliberations, the military judge instructed the members that they could punitively discharge the appellant with either a dishonorable or bad-conduct discharge, and that a dishonorable discharge would deprive him of "substantially all benefits administered by the Department of Veteran's Affairs and for that matter, the Department of the Navy." *Id*. at 784-85. The military judge further stated that a dishonorable discharge was the more severe of the two, and "should be reserved for those who in the opinion of the court should be separated under conditions of dishonor after conviction of a serious offense of either a civil or military nature warranting such a severe punishment." *Id*. at 785.

During deliberations, the members asked the military judge for clarification with regard to the "real world" differences

2

between a bad-conduct discharge and a dishonorable discharge. *Id*. at 797; Appellate Exhibit XXXVIII.  The military judge responded by stating:

> I can't give you a definite answer on that. The only thing I can do is tell you that they're both considered severe punishments.  A dishonorable discharge is considered more severe than a bad conduct discharge.  So it's like the instruction I gave you.  So a dishonorable discharge should be reserved for those who, in the opinion of the court, should be separated under conditions of dishonor after conviction of a serious offense of either a civil or military nature, warranting such a severe punishment.  A bad conduct discharge is a severe punishment, although less severe than a dishonorable discharge and may be adjudged for one who in the discretion of the court warrants severe punishment for bad conduct.  So that's the only definition I can give you.  I can't--- and there's really no---that's the only differences there are.

Record at 797.

Neither trial counsel nor defense counsel objected to the judge's instruction, and the members subsequently handed down a sentence that included a dishonorable discharge.

## Instructional Error

When a party fails to object to an instruction given or omitted, that party forfeits[1] the objection, absent plain error by the military judge.  *United States* v. *Pope*, 69 M.J. 328, 333 (C.A.A.F. 2011) (citation omitted); *see also United States* v. *Olano*, 507 U.S. 725 (1993); *United States* v. *Balboa*, 33 M.J. 304, 307 n.3 (C.M.A. 1991) (citing R.C.M. 1005(f)).  In order to prove plain error, the appellant must make three showings; "(1) [that] an error was committed; (2) the error was plain, or clear, or obvious; and (3) the error resulted in material prejudice to substantial rights."  *Pope*, 69 M.J. at 333 (citing *United States* v. *Maynard*, 66 M.J. 242, 244 (C.A.A.F 2008)).

---

[1] Waiver is different from forfeiture.  Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "'intentional relinquishment or abandonment of a known right.'"  *United States v. Harcrow*, 66 M.J. 154, 156 (C.A.A.F. 2008) (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938).

As a general rule, "'courts-martial [are] to concern themselves with the appropriateness of a particular sentence for an accused and his offense, without regard to the collateral administrative effects of the penalty under consideration.'" *United States* v. *McNutt*, 62 M.J. 16, 19 (C.A.A.F. 2005) (quoting *United States* v. *Griffin*, 25 M.J. 423, 424 (C.M.A. 1988)). However, when an evidentiary predicate exists to justify an instruction on a collateral matter, it is appropriate for a military judge to issue such an instruction. *United States* v. *Boyd*, 55 M.J. 217, 221 (C.A.A.F. 2001). In the context of a punitive discharge, the instruction should make clear to the members the enduring stigma of a punitive discharge, including the fact that it is a "severe punishment", and "that it would affect appellant's future with regard to his legal rights, economic opportunities, and social acceptability." *United States* v. *Rasnick*, 58 M.J. 9, 10, (C.A.A.F. 2003) (internal quotation marks omitted).

In this case the military judge instructed the members using recommended instructions from the Military Judges' Bench Book. Military Judges' Benchbook, Dept. of the Army Pamphlet 27-9 at 8-3-24 (Dishonorable Discharge) and 8-3-25 (Bad-Conduct Discharge) (1 Jan 2010). In doing so, the military judge informed the members that both types of discharge are "severe" punishments and that a dishonorable discharge would essentially deprive the appellant of *all* benefits administered by either the Department of Veterans Affairs or the Department of the Navy. Record at 783-84 (emphasis added). Although the military judge's response to the member's question does not go into intricate detail, the military judge is not required to list every potential difference between the two types of discharge. Such a requirement "'would mean that [military judges] would be required to deliver an unending catalogue of administrative information to court members. . . . The waters of the military sentencing process should [not] be so muddied.'" *McNutt*, 62 M.J. at 19 (quoting *United States v. Quesinberry*, 31 C.M.R. 195, 198 (C.M.A. 1962)). Accordingly, we find no error here.

### Sentence Appropriateness

Although appellant did not formally raise sentence appropriateness as a separate assignment of error, he addressed the issue in an extensive footnote to his brief, thus we address it here.

This court reviews the appropriateness of a sentence *de novo*. *United States* v. *Roach,* 66 M.J. 410, 413 (C.A.A.F. 2008). We engage in a review that gives "'individualized consideration'

of the particular accused 'on the basis of the nature and the seriousness of the offense and the character of the offender.'" *United States* v. *Snelling,* 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States* v. *Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

Here, the appellant knowingly entered into a fraudulent marriage with the intent to defraud both the military and the U.S. Government. Furthermore, the appellant also committed larceny against USAA by submitting a false claim. The appellant's thefts, which were committed over a three year period, totaled over $100,000.00. For these reasons we find the sentence adjudged appropriate under the circumstances of this case. To grant relief at this point would be engaging in clemency, a prerogative reserved for the convening authority, and we decline to do so. *United States* v. *Healy,* 26 M.J. 394, 395-96 (C.M.A. 1988).

## Conclusion

The findings and the sentence as approved by the convening authority are affirmed.


For the Court



R.H. TROIDL
Clerk of Court

5