# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class SEBASTIAN P. LABELLA
## United States Air Force

## ACM 37679 (rem)

## 02 July 2014

Sentence adjudged 9 April 2010 by GCM convened at Keesler Air Force Base, Mississippi.  Military Judge:  W. Thomas Cumbie.

Approved Sentence:  Bad-conduct discharge, confinement for 6 months, forfeiture of $477.00 pay per month for 3 months, and reduction to E-1.

Appellate Counsel for the Appellant:  Colonel Eric N. Eklund; Lieutenant Colonel Gail E. Crawford; Major Michael S. Kerr; Major Zaven T. Saroyan; Major Daniel E. Schoeni; and Major Ja Rai A. Williams.

Appellate Counsel for the United States:  Colonel Don M. Christensen; Lieutenant Colonel Linell A. Letendre; Major Joseph J. Kubler; Major Naomi N. Porterfield; Major Charles G. Warren; Captain Matthew J. Neil; and Gerald R. Bruce, Esquire.

Before

ROAN, HARNEY, and MITCHELL[1]
Appellate Military Judges

UPON REMAND

This opinion is subject to editorial correction before final release.

---

MITCHELL, Judge:

Contrary to the appellant's pleas, a panel of officers sitting as a general court-martial convicted him of one specification of wrongful and knowing possession of

---

[1] Judge Roan and Judge Harney participated in this opinion prior to their retirements on 30 June 2014.

visual depictions of minors engaging in sexually explicit conduct and one specification of wrongful and knowing possession of depictions of "what appear to be" minors engaging in sexually explicit conduct, in violation of Clause 1 or 2 of Article 134, UCMJ, 10 U.S.C. § 934. The members sentenced the appellant to a dishonorable discharge, confinement for 6 months, forfeiture of $447.00 pay per month for 3 months, and reduction to E-1. The convening authority approved a bad-conduct discharge and the remainder of the sentence as adjudged.

We previously affirmed the findings and sentence. *United States v. Labella*, ACM 37679 (A.F. Ct. Crim. App. 15 February 2013) (unpub. op.). On 21 August 2013, our superior court granted the appellant's petition for review, set aside our decision, and remanded the case for consideration of the following issues: (1) whether the appellant's conviction for Specification 1 of the Charge must be set aside because the verdict of guilt rested in part on conduct that was constitutionally protected[2]; and (2) whether the military judge erred in instructing the members that "a minor" was defined as someone under 18 years of age when the UCMJ only contained references in other provisions to a child as someone under 16 years of age.[3]

*Background*

The appellant lived in a dormitory on Keesler Air Force Base, Mississippi. On 11 January 2009, Airman First Class (A1C) NS borrowed the appellant's external computer hard drive and came across files in a folder marked "pron," which contained "suggestive images" of small/young children. A1C NS returned the external hard drive to the appellant. He then sought guidance from his parents, a chaplain, and his acting first sergeant on what to do about the photographs.

At trial, A1C NS described the images he saw on the appellant's hard drive. He saw images of girls who ranged from 8–12 years old, some of whom were clothed, while others were wearing bathing suits. He described the girls in the photographs as posing in ways that were suggestive and seductive. One girl in a mesh bathing suit was between 10–12 years old and was pulling her suit to expose her genitalia and breasts.

On 14 January 2009, A1C NS informed the Air Force Office of Special Investigations (AFOSI) about the photographs on the appellant's hard drive. AFOSI special agents interrogated the appellant the same day, at which time he consented to

---

[2] Our superior court orders us to consider this issue in light of their decision in *United States v. Barberi*, 71 M.J. 127 (C.A.A.F. 2012).
[3] The appellant sought to raise an additional issue after the remand. However, we can only take action that conforms to the limitations and conditions prescribed by the remand from our superior court. *United States v. Riley*, 55 M.J. 185, 188 (C.A.A.F. 2001).

have the agents search and seize his computer and external hard drive. AFOSI found numerous photographs and videos of child pornography on the external hard drive.

Special Agent (SA) JS interviewed the appellant and later testified at trial. He testified the appellant was read his rights under Article 31, UCMJ, 10 U.S.C. § 831, and was informed he was suspected of possessing child pornography. The appellant subsequently admitted that on his computer he had some "questionable" images, which he described as "underage girls wearing see-through clothing." Later in the interview, the appellant explained that the images on his computer were of children between the ages of 3 and 14 years old who were nude or semi-nude, and about 100 photos on his computer were of underage girls who were naked or in see-through or skimpy clothing such as thongs and G-strings. In some of the photos, the girls were bending over to expose their posteriors to the camera. He stated that shortly after he downloaded some of the pictures of young girls in mesh or see-through bathing suits, the pictures were removed from that website. He also admitted he had a pornographic video of a girl under 18 years of age. The appellant organized his pornography collection in 10 to 15 folders located underneath another folder labeled "pron."

After seizing the appellant's computer equipment and external hard drive, SA JS reviewed some of the images in the pron folder with the appellant. In that folder, SA JS found images of underage girls in suggestive poses, some wearing see-through clothing and some exposing their genitalia. One of the images was of a girl about 4 years old who was wearing white and pink underwear and pulling them up so that the sides of her labia were exposed. This image was admitted as Prosecution Exhibit 1.

The appellant wrote a sworn statement after his rights advisement, explaining that he downloaded the images from the "web" and liked to look at images where the subject had small breasts and no pubic hair. He continued:

> I understand that I should look at girls my own age and that it is wrong to look at these pictures. But sometimes you make Bad decisions and I admit to this one and that I would never touch a child . . . this experience has detured [sic] me from looking at Child Pornography ever again its [sic] sick demented and nasty when I would download these Photos I didn't care how old they are Just what their Bodies looked like . . . when I viewed them I got sexually aroused and masterbaited [sic] then I would feel sick after doing it cause I knew it is wrong to view them.

Prior to trial, the Government submitted a Bill of Particulars stating how it intended to use the evidence at trial. The Bill of Particulars stated that several still photographs and seven of the videos would be offered to prove Specification 1, which alleged wrongful possession of visual depictions of minors, and 18 images would be

offered to prove Specification 2, which alleged wrongful possession of depictions of what appear to be minors.

The appellant filed a motion at trial to exclude one video and several photographs on the grounds they failed to meet the definition of "sexually explicit conduct" as charged in Specification 1. The appellant also filed a motion to dismiss Specification 2 on the grounds it violated his First[4] and Fifth[5] Amendment rights and failed to state an offense. The military judge denied both motions. In denying the first motion, the military judge relied on the factors found in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987), and determined the material depicted sexually explicit conduct. In denying the second motion, the military judge relied on 18 U.S.C. § 1466A(b)(2)(A)-(B) to find that the virtual depictions of what appeared to be minors lacked "serious literary, artistic, political, or scientific value." During findings, and over defense objection, the military judge admitted the still photographs, the videos, and the virtual images.

*General Verdict of Guilt*

The appellant contends that at least six of the images offered by the Government to prove Specification 1 of the Charge are constitutionally protected, and that, in accordance with *United States v. Barberi*, 71 M.J. 127 (C.A.A.F. 2012), his conviction must be set aside. We must first determine if any of the images offered to support the appellant's conviction of Specification 1 of the Charge fail to meet the requirements that they depict minors engaging in "sexually explicit conduct," and are, therefore, constitutionally protected. To make this determination, we conduct a review of the legal and factual sufficiency of the evidence.

Article 66(c), UCMJ, 10 U.S.C. § 866(c), requires that we approve only those findings of guilty we determine to be correct in both law and fact. We review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).

The test for legal sufficiency of the evidence is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Moreover, "[i]n resolving legal-sufficiency questions, [we are] bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Blocker*, 32 M.J. 281, 284 (C.M.A. 1991). *See also United States v. Young*, 64 M.J. 404, 407 (C.A.A.F. 2007). The test for factual sufficiency is "whether,

---

[4] U.S. CONST. amend. I.
[5] U.S. CONST. amend. V.

after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325. Review of the evidence is limited to the record, which includes only the evidence admitted at trial and exposed to the crucible of cross-examination. Article 66(c), UCMJ; *United States v. Bethea*, 46 C.M.R. 223, 224-25 (C.M.A. 1973).

The Government introduced 32 images/videos in their case-in-chief as Prosecution Exhibits 1, 3–23, 25–27, and 28. We have reviewed these images/videos to determine whether any of them are entitled to constitutional protection. Even if the images are of a minor, the images are not prohibited unless they depict "sexually explicit conduct." Child Pornography Prevention Act of 1996 (CPPA), 18 U.S.C. §§ 2252A-2260. This includes actual or simulated sexual intercourse, masturbation, sadistic or masochistic abuse, or a "lascivious exhibition of the genitals or pubic area." 18 U.S.C. § 2256(2). For most of the images, the review turns on this last factor. "If the images do not depict the genital or pubic area, we stop our analysis." *United States v. Piolunek*, 72 M.J. 830, 836 (A.F. Ct. Crim. App. 2013), *review granted*, __ M.J. ___ No. 14-0283/AF (Daily Journal 1 April 2014). To determine whether the charged images and videos in this case contained a lascivious exhibition of the genitals or pubic area, we employ the test set forth in *Dost*. This Court adopted the widely-accepted *Dost* factors in *United States v. Pullen*, 41 M.J. 886 (A.F. Ct. Crim. App. 1995). *See also United States v. Roderick*, 62 M.J. 425, 429 (C.A.A.F. 2006) (wherein our superior court applied the *Dost* factors to the military justice arena).

We find 27 of the 32 images/videos constitute visual depictions of minors engaging in sexually explicit conduct. These 27 images/videos depict young girls lasciviously displaying their genitals or pubic area or engaging in sexual acts that meet the definition of "sexually explicit conduct." Upon review of the record of trial, and considering the evidence in the light most favorable to the Government, we find that a reasonable factfinder would have found the appellant guilty beyond a reasonable doubt.

Of the images/videos submitted by the Government to support their case, we find five images do not meet the legal definition of sexually explicit conduct. These images are Prosecution Exhibits 4, 6, 9, 10, and 13. The images do not depict children who are engaged in sexual acts nor involve the lascivious display of their genitals or pubic area. In Prosecution Exhibits 4, 6, 9, and 10, the genitals or pubic area of the children are not displayed in the photographs. Congress chose not to prohibit the images which show children in sexually suggestive poses when their posterior is viewable but not the "pubic area or genitals," and we are not at liberty to create new definitions of criminal liability to address these repugnant images. *United States v. Warner*, 73 M.J. 1, 4 (C.A.A.F. 2013) ("[N]o prohibition against possession of images of minors that are sexually suggestive but do not depict nudity or otherwise reach the federal definition of child pornography

exists . . . .”).  In Prosecution Exhibit 13, although the image depicts the child's pubic area, the display is not lascivious.  Although the focal point of the image is on the child's pubic area, the setting of the photograph is not sexually suggestive; the child's pose, one of a child at play on a hammock, is not unnatural; the child is wearing age-appropriate swimwear; and there is no perceived sexual coyness.  A reasonable factfinder, looking solely at this image, would have concluded that this photograph lacks the intent of eliciting a sexual response in the viewer.  *See Roderick*, 62 M.J. at 429 (citing *Dost*, 636 F.Supp. at 832).  Thus, only the first *Dost* factor is met for Prosecution Exhibit 13.  Having reviewed the overall content of this image, we find it to be constitutionally protected.

Of the 32 images/videos that served as the basis for the appellant's conviction, we have found 5 are constitutionally protected.  Accordingly, we must now determine whether our superior court's holding in *Barberi* requires us to set aside the appellant's conviction for Specification 1 of the Charge.  In *Barberi*, our superior court held that “[i]f a factfinder is presented with alternative theories of guilt and one or more of those theories is later found to be unconstitutional, any resulting conviction must be set aside when it is unclear which theory the factfinder relied on in reaching a decision.”  *Barberi*, 71 M.J. at 131 (citations and internal quotation marks omitted).  The Court further noted that “[t]he theory enunciated by the Supreme Court in *Stromberg* [*v. California*, 283 U.S. 359 (1931)], ‘encompasses a situation in which the general verdict on a single-count indictment or information rested on *both* a constitutional and an unconstitutional ground.’” *Barberi*, 71 M.J. at 131 (quoting *Zant v. Stephens*, 462 U.S. 862 (1983)) (emphasis in original).  The Court therefore set aside the conviction despite the fact that “two of the [six] images submitted by the prosecution in support of [the charge] were legally and factually sufficient to support a finding of guilty.”  *Barberi*, 71 M.J. at 131.

We previously addressed this issue in *Piolunek* and recognized that the holding in *Barberi* does not require us to set aside the general verdict of every case involving constitutionally protected images.  Therefore, if we find the error in admitting the images to be harmless beyond a reasonable doubt, we need not set aside the verdict.  *See Chapman v. California*, 386 U.S. 18, 21-24 (1967); *Barberi*, 71 M.J. at 132.

In *Piolunek*, relying on *Chapman*, we identified three factors to determine “whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction.”  72 M.J. at 837 (citations and internal quotation marks omitted).  These three factors are: “(1) The quantitative strength of the evidence; (2) The qualitative nature of the evidence; and (3) The circumstances surrounding the offense as they relate to the elements of the offense charged.”  *Id.* at 838.  After examining these factors, we conclude beyond a reasonable doubt that the five constitutionally protected images were unimportant in relation to everything else the members considered, and thus

the error of relying on these images as proof of the charged offenses was harmless beyond a reasonable doubt.

In considering the quantitative strength of the evidence, we conclude that the 27 images/video introduced at trial that do not warrant constitutional protection, versus the 5 images that do, strongly supports a finding of harmlessness under *Chapman*. In *Barberi*, 4 out of 6, or 67 percent, of the images to support the charge, were constitutionally protected. In this case, only 5 of 32, or 16 percent, of the images warrant constitutional protection and should have been excluded from the members' consideration.[6] As we stated in *Piolunek*, we do not believe our superior court, in their holding in *Barberi*, intended to create a rule mandating a conviction be set aside in every case involving images of minors engaging in sexually explicit conduct where even one image is later determined to be constitutionally protected. Such a reading would result in a vacated conviction for possession of 10,000 images of minors engaging in sexually explicit conduct when only one image did not meet this definition.

Next, looking at the qualitative nature of the evidence, we find the 27 images/videos that were not entitled to constitutional protection provide strong evidence that the admission of the protected images was harmless beyond a reasonable doubt. The 27 images/videos all show minors lasciviously displaying their genitals or pubic area. In many images, the setting seems to be a makeshift photo studio. The children are depicted in unnatural poses, and, in many, wearing lingerie, high heels, and other age-inappropriate attire. The 27 images/videos include children that are partially clothed, taking their clothing off, and (in the videos) completely nude. The children in the images are posed in a manner that suggests a sexual coyness, and the videos include footage of minor girls masturbating. Finally, the 27 images/videos are clearly intended to elicit a sexual response in the viewer. *See Roderick*, 62 M.J. at 429 (citing *Dost*, 636 F. Supp. at 832); *United States v. Blouin*, ___ M.J. ___, Army 20121135 (Army Ct. Crim. App. 28 May 2014).

Even disregarding the five images we find to be constitutionally protected, the evidence of the appellant's guilt is overwhelming. The appellant loaned his hard drive to another Airman who found images of minors displaying their genitalia in a sexually suggestive manner. A1C NS's testimony would have been sufficient direct evidence to support a finding of guilty.

---

[6] We note the five constitutionally protected images may have been admissible under Mil. R. Evid. 404(b) as evidence regarding the age and identity of a minor in an image that was not constitutionally protected. For example, Prosecution Exhibit 5 pictured the same child as in Prosecution Exhibit 4. Prosecution Exhibits 9 and 10 pictured the same child as in Prosecution Exhibits 7, 8, 11, and 12.

During an interview with AFOSI, the appellant admitted he had "questionable" images on his computer, which he explained were images of underage girls in see-through clothing and that these images were saved on his computer under a folder named "pron." The appellant also told AFOSI that the age of the girls in these images was between 3 and 14 years old. Finally, the appellant admitted in his interview that he would use the photos as a form of arousal and would masturbate while looking at them.

Mil. R. Evid. 304(g) provides that an admission by the appellant may only be considered as evidence against him if independent evidence has been introduced that corroborates the essential facts. The standard for corroboration is "very low," *United States v. Seay*, 60 M.J. 73, 80 (C.A.A.F. 2004), and the quantum of corroborating evidence may be "very slight." *United States v. Melvin*, 26 M.J. 145, 146 (C.M.A. 1988). This very slight "corroborating evidence need not confirm each element of an offense, but rather must 'corroborate the essential facts admitted to justify sufficiently an inference of their truth.'" *United States v. Arnold*, 61 M.J. 254, 257 (C.A.A.F. 2005) (quoting Mil. R. Evid. 304(g)) (omission in original) (brackets omitted). Each of the 27 images/videos that are of minors engaged in sexually explicit conduct is independent evidence to corroborate the appellant's confession that he possessed child pornography. The appellant's properly corroborated confession adequately established the essential elements of the offense that he possessed images of minors engaged in sexually explicit conduct. We do not read *Barberi* as establishing a per se rule that a case where the appellant confessed to possessing images of minors engaged in sexually explicit conduct, where a witness saw these images, and where 27 images were properly admitted, must always be reversed if a few images that were constitutionally protected were admitted into evidence.

Because the appellant's confession to the possession of child pornography was properly admitted, another Airman saw the images, and 27 of the images/videos were clearly depictions of minors engaging in sexually explicit conduct, based on the record as a whole, we find beyond a reasonable doubt that the 5 images that warrant constitutional protection are unimportant in relation to everything else the members considered on the question of guilt.

The quantitative strength, qualitative nature, and surrounding circumstances of the images all support a finding that the error in admitting the five protected images was harmless beyond a reasonable doubt. The five images in question did not materially contribute to the finding of guilt because of the appellant's confession and all the other evidence. We are convinced "'beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" *United States v. McDonald*, 57 M.J. 18, 20 (C.A.A.F. 2002) (quoting *Neder v. United States*, 527 U.S. 1, 18 (1999)). The error in submitting these five constitutionally protected images was harmless beyond a reasonable doubt.

*Military Judge's Instructions*

The appellant also argues the military judge erred when he instructed the members that in order to find the appellant guilty of possession of visual depictions of minors engaged in sexually explicit conduct in violation of Clause 1 and 2 of Article 134, UCMJ, the images must be of a person under the age of 18 years old. We disagree.

At trial, counsel are entitled to request specific instructions, but substantial discretionary power is given to a military judge to decide what instructions the members ultimately receive. *United States v. Damatta-Olivera*, 37 M.J. 474, 478 (C.M.A. 1993) (citing *United States v. Smith*, 34 M.J. 200 (C.M.A. 1992); Rule for Courts-Martial 920(c), Discussion). We review the denial of a requested instruction for an abuse of discretion. *Id.* at 478; *United States v. Rasnick*, 58 M.J. 9, 10 (C.A.A.F. 2003). To determine if error exists, we apply a three-pronged test: whether "(1) the [requested instruction] is correct; (2) 'it is not substantially covered in the main [instruction]'; and (3) 'it is on such a vital point in the case that the failure to give it deprived [the appellant] of a defense or seriously impaired its effective presentation.'" *Damatta-Olivera*, 37 M.J. at 478 (quoting *United States v. Winborn*, 34 C.M.R. 57, 62 (C.M.A. 1963)); *United States v. Gibson*, 58 M.J. 1, 7 (C.A.A.F. 2003).

Before the members began deliberations, the military judge instructed them, "The word 'minor[]' means any person under the age of 18 years." The appellant objected at trial, as he does now, arguing that because the appellant was charged under Article 134, UCMJ, the definition of "child" used in other sections of the UCMJ should have been the definition provided to the members at trial, instead of the definition of "minor" found in the CPPA. The appellant cites other articles in the UCMJ, as well as other sections of Article 134, UCMJ, that define "child" as a person under the age of 16 years.

Our superior court has required notice to an accused of what conduct is punishable under Article 134, UCMJ, most recently discussed in *United States v. Warner*:

> The first and second clauses of Article 134, UCMJ, permit the criminalization of certain conduct not otherwise prohibited that is either prejudicial to good order and discipline or service discrediting. Article 134, UCMJ. It is settled that a servicemember may be prosecuted for service-discrediting conduct even if the conduct is not specifically listed in the *Manual for Courts–Martial*. *United States v. Saunders*, 59 M.J. 1, 6 (C.A.A.F. 2003) (citing *United States v. Vaughan*, 58 M.J. 29, 31 (C.A.A.F.

2003)).  However, due process requires that a servicemember "have 'fair notice' that his conduct [is] punishable before he can be charged under Article 134 with a service discrediting offense."  *Vaughan*, 58 M.J. at 31 (quoting *United States v. Bivins*, 49 M.J. 328, 330 (C.A.A.F. 1998) (brackets in original), and citing *Parker v. Levy*, 417 U.S. 733, 756 (1974)).  Potential sources of fair notice may include federal law, state law, military case law, military custom and usage, and military regulations.  *Vaughan*, 58 M.J. at 31.

73 M.J. 1, 3 (C.A.A.F. 2013) (alterations in the original).

In the Child Protection Act of 1984, Congress expanded the age of children protected from 16 to 18 years of age.  The House Report explained:

> This will improve the coverage of the act, and facilitate prosecution and conviction in cases in which the age of the child depicted cannot be proven by positive identification of the child.  Usually the child who is depicted in child pornography cannot be located.  Proof of the child's age has therefore been by circumstantial evidence.  This meant that unless the child appeared to have not yet attained puberty (and therefore was definitely under age 16), an offense could not be proven.  By raising the age to 18, if the child depicted does not look like an adult, a conviction can be obtained.

H.R. REP. NO. 98-536, at 8-9 (1984) (all caps typeset lowercased).  Since 1984, the knowing possession of images of individuals under 18 years of age who are engaged in sexually explicit conduct has been prohibited by federal law.  This provides fair notice to the appellant that the age of a "minor" is one who is under 18 years of age as defined by 18 U.S.C. § 2256.

We also find fair notice by looking at our superior court's holding in *United States v. Nerad*, 69 M.J. 138 (C.A.A.F. 2010).  In *Nerad*, the appellant was charged under Article 134, UCMJ, Clause 1 and 2, with possession of child pornography.  The age of the depicted minor was not an issue in that case; it was undisputed that the minor was 17 years old, an age that falls within the CPPA definition of "minor" but outside the definition of a "child" in other, unrelated provisions of the UCMJ.  We set aside Nerad's conviction, finding that his "possession of what was technically child pornography was merely incidental to [his] adulterous relationship" with a 17-year-old minor, who was legally competent to consent to sexual intercourse.  *United States v. Nerad*, 67 M.J. 748, 752-53 (A.F. Ct. Crim. App. 2009), *rev'd*, 69 M.J. 138 (C.A.A.F. 2010).  Our superior court set aside our decision, reasoning that it would have been an abuse of discretion if we "refus[ed] to affirm a finding because [we] thought it 'unreasonable' to criminalize such conduct 'under the circumstances,' even though *the circumstances fell squarely*

*within the definition of child pornography crafted by Congress*." *Nerad*, 69 M.J. at 140 (emphasis added). It is clear from the holding in *Nerad* that it is proper to use the definitions crafted by Congress to define child pornography, even in a case where the appellant is charged under Clause 1 and 2 of Article 134, UCMJ. Our superior court's published decisions provided fair notice through military case law that the possession of sexually explicit images of a 17-year-old individual is criminally punishable. *Warner*, 73 M.J. at 3.

"[A]ny facts that increase the prescribed range of penalties to which a criminal defendant is exposed are elements of the crime." *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct 2151, 2160 (2013) (citation and internal quotations omitted). The specification specifically included the word "minor" vice the word "child." In the area of child pornography, Congress has defined a minor as "any person under the age of eighteen years." 18 U.S.C. § 2256(1). Military case law clearly establishes that specifications that are essentially the same as federal law may be charged under Clause 1 or 2 of Article 134, UCMJ.[7] This specification was essentially the same and the military judge did not err by using the definitions from the federal criminal law to ensure that it remained essentially the same. *See United States v. Finch*, 73 M.J. 144 (C.A.A.F. 2014). The appellant was on notice through both federal criminal law and military case law that the term "minor," when referenced in terms of child pornography, is defined as someone under 18 years of age.

We find the appellant failed to meet the first prong of the *Damatta-Olivera* test. Therefore, we hold that it was proper for the military judge to use the definition of a minor used in the CPPA to instruct the members.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[7] Our superior court has previously examined the issue of child pornography offenses which are charged as violations of Clause 1 and 2 of Article 134, UCMJ, 10 U.S.C. § 934. A specification under Article 134, UCMJ, is "essentially the same" as the federal statute if it sets forth the criminal conduct and mens rea as well as describing the gravamen of the federal offenses. *United States v. Leonard*, 64 M.J. 381, 384 (C.A.A.F. 2007). The court later determined a specification that included the language "what appears to be" a minor engaged in sexually explicit activity was not "essentially the same" as the federal statute and therefore such a specification only described a general disorder. *United States v. Beaty*, 70 M.J. 39 (C.A.A.F. 2011).

Accordingly, the findings and the sentence are

AFFIRMED.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court